## SOUTHERN RAILWAY COMPANY *v.* MERRITT.

1. "A verbal inaccuracy in a charge, resulting from a palpable 'slip of the tongue,' and which clearly could not have misled the jury, is not cause for a new trial."
2. The evidence warranted the verdict, and no reason appears for reversing the judgment refusing to grant a new trial.

Argued May 21,—Decided June 9, 1904.

Action for damages.　Before Judge Russell.　Gwinnett superior court.　October 28, 1904.

*John J. Strickland, N. L. Hutchins Jr.,* and *D. K. Johnson,* for plaintiff in error.　*H. L. Patterson* and *N. L. Hutchins,* contra.

COBB, J.　The plaintiff alleged that he went upon a train of the defendant company for the purpose of assisting certain female passengers to get upon and obtain seats in the car; that he notified the conductor of his purpose; that immediately after he entered the car, and before the passengers could be seated, the train began to move off, no signal of its departure having been given; that he

hastened to the door, and finding the car moving too rapidly for him to safely alight, went in search of the conductor; that the conductor objected to stopping the train, but finally pulled the bell-rope, telling plaintiff to come to the door of the car and prepare to alight; that he got upon a step of the car, the conductor and a negro train-hand standing above him; that the conductor ordered him to jump from the car, but he refused to do so, on account of the rapid rate of speed at which the train was moving; and that upon his refusal the conductor and the train-hand violently pushed and shoved him from the car, as a consequence of which he was severely injured. A verdict having been returned in favor of the plaintiff, the defendant made a motion for a new trial, and error is assigned upon a judgment refusing to grant this motion.

The plaintiff in error insists only upon the general grounds of the motion for a new trial, that the verdict is contrary to the evidence, and upon that ground which assigns error upon the following charge: " Then you will ascertain from the evidence, before you can find that the defendant is liable in damages to the plaintiff, either that the railroad was negligent and the plaintiff was not negligent, or that both were negligent, and by the exercise of ordinary care and diligence the defendant could not have avoided the injury, and that the plaintiff is entitled to recover." The assignment of error is upon the concluding portion of the charge, which instructs the jury that if both were negligent, they could find for the plaintiff, unless it appeared that the defendant could not have avoided the injury by the exercise of ordinary care. The use of the word defendant, in the charge quoted, was so palpably a mere slip of the tongue that, before a new trial would be granted on account of it, it should be made clearly to appear that it was probably prejudicial to the company. An examination of the charge of the judge, which is embodied in the record, shows that, in two places just preceding the extract complained of, the judge clearly and distinctly gave the correct rule upon the subject; stating in one place that the plaintiff could not recover if he could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, if it was negligent; and in another, that even though the defendant was negligent, the party injured could not recover if he could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. It is not to be presumed

that the jury paid more attention to the incorrect charge than to the others; and if they paid equal attention to all, and understood all, they must have understood that the use of the word defendant in the charge complained of was a mere slip of the tongue, and the defendant could not have been prejudiced by the incorrect charge. See *Hoxie* v. *State*, 114 *Ga.* 19 (6), and cit.; *Berry* v. *Clark*, 117 *Ga.* 964 (2). There was evidence for the plaintiff which established the material allegations of his petition ; and hence there is no merit in the complaint that the verdict is without evidence to support it.

*Judgment affirmed. All the Justices concur.*