## 5057.  BEDDINGFIELD *v.* THE STATE.

No error of law was committed, and the evidence authorized the verdict.
DECIDED OCTOBER 21, 1913.

Indictment for assault with intent to murder; from Bibb superior court—Judge Mathews.  June 21, 1913.

*W. D. McNeil, C. A. Glawson,* for plaintiff in error

*John P. Ross, solicitor-general,* contra.

POTTLE, J.  The accused was indicted for the offense of assault with intent to murder, and was convicted of shooting at another, with a recommendation to mercy.  A sentence of one year in the penitentiary was imposed.  His motion for a new trial was overruled, and he excepted.

Complaint is made in the motion that the court failed to charge that the accused would not be guilty of assault with intent to murder, unless he was actuated by malice and intended to kill the person shot.  Since the accused was not convicted of assault with intent to murder, we need not examine the record to ascertain whether this assignment of error is well founded.

The only other special complaint in the motion for a new trial is that the court ignored the recommendation of the jury and imposed a sentence which was, in view of the evidence, too severe.  It has been many times held both by the Supreme Court and this court that the quantum of punishment to be imposed within the statutory limits is a matter absolutely within the discretion of the trial judge, and that the reviewing court can not interfere.

Counsel for the accused earnestly argued that the verdict is without evidence to support it.  The person shot was the neighbor of the accused and on friendly terms with him.  It is apparent, from the testimony, that when the pistol was fired the accused did not know that he was shooting at his neighbor.  The theory of the defense was that, hearing a noise in the yard and supposing some one was attempting to steal ducks which belonged to him, the accused got his revolver, came out on the porch, which was 12 or 14 inches above the ground, saw his ducks running about in the yard some 15 or 20 feet away, and fired into the ground.  The person shot was in his own lot adjoining that of the accused, had just driven his automobile to his garage, and was in about the center of his lot.  There was a fence between the two lots and the moon was .

shining brightly, so that a person could be recognized at a distance of 100 yards away. The contention of the accused is that he did not shoot at any person, but that one of the bullets in some way was deflected so as to go through a crack in the fence and strike the person who was shot. It is true, as contended by his counsel, there is no positive evidence that the accused intentionally shot at the person who was struck by the bullet; but the circumstances were such as to authorize a finding by the jury that the accused did shoot at the person who was struck by the bullet, evidently supposing this person was attempting to steal his ducks. The occurrence was extremely unfortunate, and, as stated above, it is apparent that the accused did not intend to shoot his neighbor, but he had no right, under the law, to shoot at anybody simply because he thought an effort was being made to steal his ducks. Juries have a right to deduce reasonable conclusions from proved facts, and when it appeared that on a bright moonlight night a person was shot by the accused at a distance where he could have been easily seen, and from a position from which he could have been hit if shot at, the jury were authorized to reject the theory of accidental shooting set up by the defense, especially when this theory involved, as it did, the unreasonable conclusion that the bullet struck the ground and was then deflected through a crack in the fence. Based upon the presumption of law alone, which is a rule of evidence, that a man intends the natural consequences of his act, the jury had the right to conclude that the shooting was intentional. Hence it was entirely immaterial whether, at the time the shot was fired, the accused knew the identity of the person at whom he shot.

*Judgment affirmed.*