*E. S. Ault,* for defendant.

---

11951. WHITTEMORE *v.* THE STATE.

LUKE, J. Under the evidence for the State and the defendant's statement, the jury were authorized to convict him of shooting at another. Their verdict has the approval of the trial judge. For no reason assigned did the court err in refusing to admit testimony as complained of, or in the conduct of the trial, or in charging the jury. See *Beddingfield v. State,* 13 *Ga. App.* 623 (79 S. E. 581). It was not error to overrule the motion for a new trial.

Judgment affirmed. *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 28, 1921.

Indictment for assault with intent to murder; from Whitfield superior court — Judge Tarver. November 6, 1920.

Under an indictment which charged assault with intent to murder by shooting Headrick with a pistol, Whittemore was convicted of the offense of shooting at another. From the evidence it appeared that Munroe Smith and Headrick — a policeman not in uniform — were walking in a street together at night, when the defendant's sister, Mrs. Hill, was seen running towards them, followed by the defendant; that Smith wheeled and ran back; that she ran past Headrick, and that the defendant commenced shooting at Headrick with a pistol when in two or three feet from him, and fired two shots, one of which passed through his right arm and the other through his necktie. Headrick testified: "There wasn't a word said before the shooting. . . She says, 'Here he

comes down here,' after he had shot me. . . He didn't say a word; he just went on down the street. . . I was not doing anything to him or to Mrs. Hill. . .I have known Mr. Whittemore ever since he was a little boy. . . We have been good friends all our lives. He never had a thing in the world against me, nor me against him. . . I did not take hold of Mrs. Hill as she went by me. . . I did not touch her." An officer testified: " I arrested Mr. Whittemore something like 25 or 30 minutes after the shooting, I guess. Mr. Whittemore seemed to be drinking a little. I would call him intoxicated. He wasn't down, but he was drinking some." The defendant's sister testified: " I was hunting for Mun Smith. . . He had pictures of me. . . I saw him coming up the street with Mr. Headrick, and he turned and run. I said to my brother, 'Come on. Yonder he goes now.' So I run out, and my brother right behind me. . . Mr. Headrick grabbed me, caught hold of me. He caught me by the arm. He didn't say anything to me. . . My brother was coming along. . . When I said, ' Turn me loose,' my brother shot." The defendant's statement at the trial was as follows: " This here Mr. Smith lived here in Dalton, and he had stole a picture from my sister, carrying it about in his watch, and he had talked lewdness and everything else about her, and she comes to me out in the country to come down here and demand that picture of him. Well, I come for that purpose, not to harm him under no circumstances, but, while we was trying to locate him, Mr. Headrick and Smith had got together by some means another, and I was in Springfield's restaurant eating a snack, and she called me, and I went. Just as I stepped out on the street a piece Mr. Headrick he grabbed her by the arm, and she says, 'Turn me loose.' She said it twice, and when she said that I fired at him."

The court, on objection of the prosecuting attorney, excluded testimony of the defendant's sister that the defendant was there that night because she " went to Murray county after him on account of some pictures Mun Smith had;" the judge stating, " Whether the defendant at the time of the shooting thought it was Mun Smith or Mr. Headrick, or whether he didn't know who it was, he wouldn't have been justified in shooting, unless he was acting under the fears of a reasonable man that the life of his sister was in danger or a felony was being attempted upon her

person. The question of the pictures I don't think is material." In the motion for a new trial it is alleged that "this is error, because (a) this evidence was admissible as an identification [explanation?] of the presence of the defendant at the time and place of the shooting; because (b) it is the expression of an opinion by the court and invades the province of the jury; and (c) it is not the law; it states the rule too strongly as against the defendant. The bona fides of the defendant at the time of the shooting is restricted and excluded from the consideration of the jury."

The court charged: "If at the time of the shooting W. H. Headrick was making an assault upon the person of the sister of the defendant, or an attempt to commit a serious personal injury upon her person, sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice, and in the heat of passion and without malice the defendant shot at W. H. Headrick, he would be guilty of the offense of shooting at another, and that should be your verdict." It is alleged that this was error, because it is not the law of the case, and because, under the evidence, the shooting was not because of a belief that Headrick was making an assault upon the defendant's sister, and it was not a result of passion so far as Headrick was concerned.

The court charged: "If at the time of the shooting the defendant was acting under the fears of a reasonable man that the life of his sister was in danger, or that a felony was being attempted upon her person by W. H. Headrick, and, under the belief of a reasonable man, thought it was necessary to shoot in order to save her life or in order to prevent the commission of a felony upon her person, and under these circumstances he shot W. H. Headrick, he would not be guilty of any offense, and it would be your duty to acquit him." It is alleged that this is not the law, and is not adjusted to the facts in evidence.

The court charged: "An apparent danger is the same as a real danger." This is alleged to be error because an apparent danger may or may not be the same as a real danger, depending on the good faith of the defendant and the circumstances surrounding him.

The court charged: "If W. H. Headrick was a police officer of the City of Dalton and this occurrence took place in the City of Dalton, and if at the time of the occurrence the sister of the de-

fendant, together with the defendant, was endeavoring to make an assault upon the person of one Monroe Smith, then it was the duty of the said W. H. Headrick to restrain her, if possible to do so, from the commission of that assault, and if he laid his hand upon her with the intent to restrain her from the commission of an assault, as a police officer of the City of Dalton, he would not have been guilty of any offense in so doing." It is alleged that this is not the law, and is not authorized by the evidence; that there is no evidence that the defendant's sister was attempting to make an assault upon Monroe Smith.

The court charged: " Any occurrence such as is referred to in the statement of the defendant, and perhaps in the evidence, relative to the taking of certain pictures of the defendant's sister by one Monroe Smith, and his carrying these pictures, or either of them, in his watch, could not be considered by you as offering justification, mitigation, or excuse for the shooting which you have under investigation." It is alleged that this is not the law; that it excludes from consideration the good faith of the defendant, and that the jury are the judges of what circumstances amount to justification.

The court charged: " If you find that the defendant shot at Mr. Headrick as alleged in the indictment, and that at the time of the shooting he was not acting under the fears of a reasonable man that a felony punishable by death or by imprisonment in the penitentiary was being attempted upon the person of his sister, and under the belief of a reasonable man thought it was necessary to shoot in order to save the life of his sister or in order to prevent the commission of a felony upon her person, then you ought not to acquit him, but you would convict him either of assault with intent to murder or of shooting at another." It is alleged that this is not adjusted to the evidence, and excludes the good faith of the defendant.

The court interrupted the argument of the defendant's counsel and in the presence of the jury said: " The court, with reluctance, interferes with the argument of counsel to this extent: The defendant not having claimed in his statement that he shot thinking that the person whom he shot was Monroe Smith, counsel will not be permitted to argue concerning the allegation that Monroe Smith had a picture or pictures of defendant's sister, one of which

he was carrying in his watch, nor refer to this as constituting either justification, mitigation, or excuse for the alleged shooting." It is alleged that this was an expression of opinion which invaded the province of the jury, and was prejudical to the defendant.

*George G. Glenn, Maddox, McCamy & Shumate,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.