### DUKE et al. v. HOGAN.

GILBERT, J. 1. The use of the word "plaintiff" instead of the word "defendant" in the charge of the court, where the context plainly showed the use of the word was a mere slip of the tongue, and such as

was not calculated to mislead the jury, will not necessitate a new trial. *Hoxie* v. *State*, 114 *Ga.* 19 (6) (39 S. E. 944), and citations; *Berry* v. *Clark*, 117 *Ga.* 964 (2) (44 S. E. 824); *Southern Ry. Co.* v. *Merritt*, 120 *Ga.* 409 (47 S. E. 908); *Lothridge* v. *Varnadore*, 140 *Ga.* 131 (2) (78 S. E. 721); *L. & N. R. Co.* v. *Culpepper*, 142 *Ga.* 275 (2) (82 S. E. 659), and citations; *Loe* v. *Brown*, 155 *Ga.* 24 (116 S. E. 309).

2. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*

No. 3510. MARCH 15, 1923.

Complaint for land. Before Judge Wright. Floyd superior court. November 16, 1922.

On December 21, 1909, Alice V. Hogan brought an action against William Hogan and Sallie Duke, seeking to recover a " dwelling-house and the land upon which it is located," in the possession of defendants: The petition describes the property as follows: " The east corner of the following part of lot of land number three in the 23rd district and third section of Floyd County, Georgia, known as the Duke ten acres of said lot, upon which the dwelling-house now occupied by William Hogan as his residence is now located." It alleges that " petitioner claims title to said dwelling-house and the land upon which it is located, as being part of said ten-acre tract;" that the land upon which the house is located " is a part of the land described in petitioner's deed from T. W. Alexander, dated February 3rd, 1900, as follows: known as that tract or parcel of land consisting of eight or ten acres in the northwest corner of lot of land No. 3, in the twenty-third district and third section of Floyd County, Georgia, the same being all that part of said lot which was not sold and conveyed to the widow and children of — Hogan by a deed made to them by T. W. Alexander several years ago;" that petitioner has been in possession of said house and land since her deed from Alexander until about four years ago, when defendants found the house vacant and William Hogan moved into the same and Sallie Duke claimed that she owned the house under a deed from Alexander.

The jury returned a verdict finding " for the plaintiff, and thirty dollars rent." Error is assigned upon the overruling of a motion for new trial as amended. The motion for new trial contains, beside the general grounds, but one ground of complaint, which is, that the court erred in charging the jury: " If you should find that the land that this house and the land on which it is situated is covered by the first deed to the defendant, made

first, and also covered by the deed made to the plaintiffs after-wards, some sixteen years afterwards, and they both hold a deed to the same property from the same grantor, then and in that event the older deed would prevail; that would be the deed to the plaintiff in the case;" the criticism being that "the oldest deed was not the plaintiff's deed, but, as appears from the record, the oldest deed in point of time was the deed from Alexander to Mrs. Hogan, the mother of defendant and under whom she claims, and that the instruction, 'that would be the deed to the plaintiff in the case,' was calculated to mislead the jury and cause them to ignore the deed to defendant's mother, and confine them to the deed from the heirs of Mrs. Hogan to the defendant, which was younger than defendant's deed, thereby eliminating from the con-sideration of the jury the deed from Alexander to defendant's mother;" and further that the charge was error, because the oral evidence introduced on behalf of plaintiff was to the effect that she had purchased under a deed from T. W. Alexander a tract containing eight or ten acres in the northwest corner of land lot 3, and that the tract so purchased included the house and land in litigation; that she had been in possession of the house until about four years prior to the beginning of the suit; that she had made repairs upon and additions to the house, had lived in it a portion of the time, and had claimed it as her own. The oral evidence introduced on behalf of defendant was to the effect that the house and land was included in a tract conveyed by T. W. Alexander (who also made the deed to plaintiff) to Mrs. Frances Hogan, mother of the defendant Sallie Duke, and under whom she claims; that her brother (the husband of plaintiff) was per-mitted by their mother, during her lifetime, to occupy the house for a time; that he never made any claim to it; that her mother had asserted her claim to it during his occupancy; and that de-fendant had claimed it since. The deed made by Alexander to Mrs. Frances Hogan was dated May 15, 1884. The deed from Alexander to Mrs. Alice Hogan, the plaintiff, was dated Febru-ary 3, 1900.

*M. B. Eubanks,* for plaintiffs in error.

*Harris & Harris,* contra.