## DUKE v. HOGAN.

RUSSELL, C. J. 1. The issue in this case is so inseparably connected with that involved in the case of *Duke* v. *Hogan*, 155 *Ga.* 360 (116 S. E. 598), that the decision in this case is necessarily controlled by the ruling in that case. Duke, the defendant in error, brought an action against Sallie Duke and William Hogan, to recover a "dwelling-house and the land upon which it is located," described as follows: "The east corner of the following part of lot of land No. 3 in the twenty-third district and third section of Floyd county, Ga., known as the Duke 10 acres of said lot, upon which the dwelling-house now occupied by William Hogan as his residence is now located." Upon the trial the jury returned a verdict "for the plaintiff and $30 rent." The plaintiff in the present case was one of the plaintiffs in error in the previous writ of error in the case of *Duke* v. *Hogan*, supra, and in the bill of exceptions in that case error was assigned upon the overruling of the motion for a new trial. While the case was pending in this court, Mrs. Alice V. Hogan, plaintiff in the preceding suit, sought to enforce her writ of possession. The defendant, Sallie Duke, the plaintiff in error in the case now before us, brought her petition for injunction, asking that the plaintiff and the sheriff of Floyd county be enjoined from executing the writ of possession. The trial judge denied the injunction, and the present case was brought to this court upon exception to the refusal to grant the injunction. In view of the previous decision of this court affirming the judgment of the lower court in overruling the motion for a new trial, a final disposition of the case has been effected, and all the questions raised by the present writ of error are res adjudicata except the contention that the writ of possession is void and unenforceable.

2. Where in a complaint for land the description of the premises sought to be recovered is sufficiently full and definite to authorize a recovery by the plaintiff, a writ of possession which follows the description of the premises as contained in the petition is sufficient, and can not be held to be void so as to authorize the issuance of an injunction against the execution of such writ.

3. The refusal to grant the injunction prayed for was not error for any reason assigned in the petition for injunction.

*Judgment affirmed. All the Justices concur.*

*M. B. Eubanks,* for plaintiff. *Harris & Harris,* for defendant.