19124. KING *v.* THE STATE.

DECIDED NOVEMBER 14, 1928.

*M. U. Mooty,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, Smith & Taylor,* contra.

LUKE, J. The defendant was indicted for assault with intent to murder, and was convicted of unlawfully shooting at another. The only ground of the motion for a new trial insisted upon by his counsel is that the court erred in charging as follows: "If the guilt of the accused has not been established by the State, and you believe that he acted in self-defense, under the law to which I have called your attention, it would be your duty to acquit him, and the form of your verdict would be, 'We, the jury, find the defendant not guilty.' " This charge is alleged to be error because the court stated conjunctively two theories under which the defendant might have been acquitted, when as a matter of law he would have been entitled to an acquittal under either theory; that is to say, he would have been entitled to an acquittal if his guilt had not been established by the State; and he would have been entitled to an acquittal if he had acted in self defense.

We are well aware that "a verbal inaccuracy in a charge, resulting from a palpable slip of the tongue, and which clearly could not have misled the jury, is not cause for a new trial." *So. Ry. Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908). Some other cases controlled

by this principle are: *Lothridge* v. *Varnadore,* 140 *Ga.* 131 (2) (78 S. E. 721) ; *L. & N. R. Co.* v. *Culpepper,* 142 *Ga.* 275 (2) (82 S. E. 659) ; *Douglas* v. *McCurdy,* 154 *Ga.* 814 (7) (115 S. E. 658) ; *Duke* v. *Hogan,* 155 *Ga.* 360 (1) (116 S. E. 598) ; *Benton* v. *State,* 158 *Ga.* 41 (5) (122 S. E. 775) ; *Adams* v. *State,* 34 *Ga. App.* 144 (3) (128 S. E. 924). A reading of the foregoing cases shows that each of them comes well within the rule that the verbal inaccuracy clearly could not have misled the jury. After a careful study of the brief of evidence and the charge of the court in the case sub judice, we do not think that it can be concluded with any degree of certainty that the jury was not misled by the excerpt under consideration, coming as it does at the very end of the charge, and being a final statement of the conditions under which the defendant should be acquitted.

*Judgment reversed. Bloodworth, J., concurs.*

BROYLES, C. J., dissenting. In the light of the charge as a whole and the facts of the case, I do not think the verbal inaccuracy in the charge could have misled or confused the jury. The verdict was amply authorized by the evidence, and in my opinion the judgment should be affirmed.