## 20594. MILLS *v.* THE STATE.

DECIDED JULY 15, 1930. REHEARING DENIED OCTOBER 2, 1930.

*Paul L. Lindsay,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BLOODWORTH, J. 1. The motion for a new trial alleges that the court erred in charging the jury as follows: "A good deal of evidence has been allowed in this case as to the character of the defendants and which has been admitted for the purpose of illus-

trating to you, if it does, their credibility." In a note referring to this ground the presiding judge said: "The court certifies that the word 'defendants' was used inadvertently and was a slip of the tongue, the court intending to say 'witnesses' instead of 'defendants.' The whole subject being discussed was upon witnesses' testimony. The court is of the opinion from the context that the jurors understood that the court intended to say 'character of the witnesses' instead of 'character of the defendants.' The court is of the opinion, from the context, that no harm resulted to the defendants by virtue of the above-stated slip of the tongue." The context clearly shows that the judge intended to say, as stated by him, "character of the witnesses." Here was a mere verbal inaccuracy, a slip of the tongue. It is well settled that "a verbal inaccuracy in a charge resulting from a palpable slip of the tongue and which clearly could not have misled the jury is not cause for a new trial." *So. Ry. Co.* v. *Merrill,* 120 *Ga.* 409 (47 S. E. 908). As was said in *Hoxie* v. *State,* 114 *Ga.* 20, 23 (6) (39 S. E. 944): "It was palpably a mere slip of the tongue, and, viewed in the light of what the judge said in this immediate connection, could not possibly have misled or confused any intelligent man on the jury." Before a new trial should be granted because of an error committed on the trial, not only error but injury must be shown. See *Adams* v. *State,* 34 *Ga. App.* 144 (3) (128 S. E. 924); *Duke* v. *Hogan,* 155 *Ga.* 360 (116 S. E. 598), and cit.

2. In special ground 2 of the motion for a new trial it is alleged that "the court erred in overruling defendant's demurrer to said indictment, and says that the court should have sustained said demurrer on each and all of the grounds therein set forth." "The overruling of a demurrer to an indictment can not properly be made a ground of a motion for a new trial." *Veal* v. *State,* 116 *Ga.* 589 (42 S. E. 705). See *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 713, rule *g* (145 S. E. 586); *Hightower* v. *State,* 40 *Ga. App.* 624 (150 S. E. 863).

3. Special ground 3 alleges that "the court erred in refusing to require the State to elect as upon which charge or transaction or offense it would stand." In *Lynes* v. *State,* 46 *Ga.* 208, 210, Chief Justice Warner said: "In offenses inferior to felony the practice of quashing the indictment or calling upon the prosecutor to elect upon which charge he will proceed does not exist." See *Sutton* v.

*State,* 124 *Ga.* 815 (53 S. E. 381); *Lascelles* v. *State,* 90 *Ga.* 347 (4) (16 S. E. 945, 35 Am. St. R. 216); *Memmler* v. *State,* 75 *Ga.* 576.

4. There is ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*