21291. FIREMAN'S FUND INSURANCE COMPANY *v.* HARDIN.

</div>

STEPHENS, J. 1. The presumption that a letter properly addressed, stamped, and deposited in the United States mail was received by the addressee is not, as a matter of law, successfully rebutted by evidence that the letter, while addressed to a business corporation, was directed to the care of one of the officials of that corporation whose duty it was to give attention to the matter referred to in the letter, and that all mail pertaining to the matter referred to in the letter would in the course of business come to his desk, but that, according to his own testimony, he did not receive the letter, that he could not "swear" that letters (which inferentially included the letter in question) may not have been received by some one else, that it is possible that there may have been a "misfiling" of the letters, that it was possible the letters may not have been filed properly, that he did not keep the file himself, and that he had a file clerk, where there is also evidence that mail addressed to the corporation was received and opened by another employee and distributed by him to the different departments, that the corporation received about one hundred and fifty letters a day, that this employee read carefully about fifty per cent. of the letters and read casually the other fifty per cent. of the letters, and would not "swear" that he did not see the original of the letter in question, and that this letter could have been received in the mail without his reading it, that

mail had been opened before it reached his desk, that he did not know that all the mail came to his desk, and that the general mail went to the assistant manager.

2. This being a suit to recover on a fire-insurance policy for a loss, to which the defense interposed was that the plaintiff had failed to furnish proofs of loss within the period of time required by the policy, and the evidence authorizing the inference that the letter was received by the defendant from the plaintiff within the period of time for making proofs of loss, requesting that blanks for the purpose of making proofs of loss be furnished to him and stating that if the plaintiff failed to hear from the defendant in reply to the letter, he would consider that he had carried out "his part," and that no reply was received to the letter, the inference was authorized that the defendant had waived the requirements of the policy as respects furnishing proofs of loss. *Fireman's Fund Insurance Co.* v. *Hardin*, 40 *Ga. App.* 275 (149 S. E. 318).

3. The presumption of the receipt of the letter, arising upon proof that it was properly addressed, stamped, and placed in the United States mail, not being rebutted by uncontradicted evidence that it was not received by the addressee, a charge that this presumption would be rebutted by such uncontradicted evidence was inapplicable, and the refusal of the court so to charge was not error.

4. The charge is not subject to the objection that it was calculated to confuse the jury prejudicially to the defendant.

5. The evidence authorized the verdict found for the plaintiff, and no error appears.    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 14, 1932. REHEARING DENIED MARCH 5, 1932.

*Smith, Hammond, Smith & Bloodworth, J. E. Mundy,* for plaintiff in error.

*O. J. Coogler, McElreath & Scott,* contra.