NEWMAN *v.* ARNOLD, administrator, *et al.*

No. 9040. FEBRUARY 16, 1933.

*Ellis G. Arnall* and *A. H. Freeman,* for plaintiff in error.

*W. L. Stallings, W. G. Post, Allen Post, Stanford Arnold, J. W. Powell, Hall & Jones, Garland M. Jones,* and *E. V. Carter,* contra.

BECK, P. J. Stanford Arnold, as administrator of the estate of Mrs. M. E. Newman, brought his petition for direction, and in it set up many facts upon which he based the petition for direction by the court and for its adjudication of certain issues involved. All heirs at law of the deceased were duly made parties, also creditors and other claimants to the assets and properties of the estate. One of the parties was X. E. Newman, son of X. O. Newman, one of the heirs at law. The case on the law and the facts was submitted to the court without the intervention of a jury; and after a hearing,

at which evidence was introduced by several of the parties, the court rendered a judgment and decree adjudicating and establishing the liens of certain creditors against all the property involved, ruling that title to specified tracts of land involved in the litigation was vested in one of the parties to the case, and that title to other tracts was vested in other parties; and further adjudicating that X. E. Newman had no title to a tract of land specifically designated. Issues of fact and questions of law involved in the case were settled by this decree. X. E. Newman alone excepted to the decree, and the only exception taken by him is that the judgment is "contrary to the law, the facts, and the evidence in said case." No specific question of law is raised in the exception. The only question raised by such an exception is whether there was sufficient evidence to support the finding and judgment of the court; and after an examination of the evidence contained in the record, this court is of the opinion that the evidence and the inferences which the court was authorized to draw therefrom were sufficient to support the finding and decree.

*Judgment affirmed. All the Justices concur.*