CALHOUN *et al. v.* OZBURN.

No. 12382. September 15, 1938.

*H. A. Allen,* for plaintiffs in error.
*Mildred Kingloff* and *J. C. Miner,* contra.

JENKINS, Justice. The grantee under a deed from the State Banking Department in charge of a defunct bank, as the owner of the south 275 feet of a tract 600 feet deep and 200 feet wide, filed his petition to enjoin a threatened closing, as a continuing nuisance, of an alleged private roadway running from her land, against the two owners of the lots in the north 325 feet of the tract, lying between plaintiff's land and North Avenue in the City of Hapeville. The pleadings and undisputed evidence showed that all of the tract was owned originally by Thomas and his wife, who conveyed it to the Bank of Hapeville; that the bank through the State Banking Department conveyed to the plaintiff the south part of the tract with a house, and thereafter conveyed to Rice the north part of the tract, lying between plaintiff's land and the street; that Rice conveyed this north portion to the defendants; that none of the deeds to any of the parties mentioned expressly reserved or referred to any easement, although the deeds from Rice to the defendants expressly stated that the rear portion of the tract, 200 by 275 feet, now owned by the plaintiff, had been previously deeded to her; that the alleged private way over the property of the defendants is approximately 325 feet from plaintiff's home to North Avenue, but, if plaintiff would cross the property belonging to French, she could reach Hope Street by going only 180 feet; and that except for the latter method the plaintiff has no way to reach a public highway save by crossing the property of one or the other or both of the defendants. Although disputed by affidavits for the defendants, the plaintiff introduced affidavits and photographs, showing that there was a well-defined, visible roadway crossing land of the defendants from the home of the plaintiff, and used for several years, which the defendants could have seen by an inspection of the land before the purchase of their lots; and that this roadway was the only method of passage from the plaintiff's premises to the public highway. The defendants excepted to the grant of an interlocutory injunction.

1. An assignment of error upon an order granting an interlocutory injunction, that "the defendants then and there excepted, and now except, and assigning error thereon say that said order and judgment is contrary to law, contrary to the principles of equity, and contrary to the evidence introduced in said case, and the court erred as a matter of law and equity in granting said

injunction," is sufficient. *Atlanta Ry. &c. Co.* v. *Atlanta Rapid Transit Co.*, 113 *Ga.* 481, 483 (39 S. E. 12); *Pace* v. *Pace*, 154 *Ga.* 712 (115 S. E. 65), and cit.; *McDonald* v. *Dabney*, 161 *Ga.* 711 (2-c) (132 S. E. 547). The motion to dismiss the writ of error for insufficient assignment of error is denied. However, since no other error of law is raised in such an exception, the only question to be here determined is whether there was sufficient evidence to support the finding and judgment. *Newman* v. *Arnold*, 176 *Ga.* 387 (168 S. E. 27).

2. At common law, where a grantor conveyed land without providing means of egress and ingress, and the situation of the land was such as made it otherwise inaccessible, there was an implication that he had unintentionally omitted to convey a means of access. This necessary implication entitled the land-locked grantee to a way out to whatever public or private road furnished access to the premises, in the laying out of which way due regard would be taken to the interest and convenience of the grantor. This rule is based upon the principle that when one grants a thing, he is deemed also to grant that within his ownership without which the grant itself will be of no effect. The rule as applied to private ways remains applicable in this State, and is embodied in the Code, § 85-1401, which provides, as one of the four methods of acquiring a "right of private way over another's land," that it "may arise . . by implication of law when such right is necessary to the enjoyment of lands granted by the same owner." *Gaines* v. *Lunsford*, 120 *Ga.* 370 (47 S. E. 967, 102 Am. St. R. 109); *Brewer* v. *Bowman*, 9 *Ga.* 37, 39; *Davison* v. *Reynolds*, 150 *Ga.* 182, 185 (103 S. E. 248); *Muscogee Mfg. Co.* v. *Eagle &c. Mills*, 126 *Ga.* 210 (8) (54 S. E. 1028, 7 L. R. A. (N. S.) 1139). Such a way, necessary for the use and enjoyment of granted land enclosed by other land of the grantor, is an implied easement, which runs with the granted land, and passes not only to the immediate but subsequent grantees. 9 R. C. L. 61, § 60; 935-938, §§ 140, 141, 144. See also *Taylor* v. *Dyches*, 69 *Ga.* 455, 458; *Stovall* v. *Coggins Granite Co.*, 116 *Ga.* 376, 380 (42 S. E. 723); *Cherokee Mills* v. *Standard Cotton Mills*, 138 *Ga.* 856 (3), 861 (76 S. E. 373).

3. A private way, thus created by necessary implication, is wholly distinct from a private way over the land of a stranger,

572

also provided by the Code, § 85-1401 from "compulsory purchase, and sale through the ordinary" under the procedure of §§ 83-101 et seq.; and consequently art. 1, sec. 3, par. 1, of the constitution (Code, § 2-301), as to the creation of "private ways . . upon just compensation being first paid by the applicant," has no reference thereto. See, in this connection, *Neal* v. *Neal,* 122 *Ga.* 804 (2) (50 S. E. 929); *Charleston &c. Ry. Co.* v. *Fleming,* 119 *Ga.* 995 (2) (47 S. E. 541), *Everedge* v. *Alexander,* 75 *Ga.* 858 (3). Such a private way being also distinct from one created by prescription under § 85-1401, the restrictions applicable to that method have no application.

4. Although "necessity" is the primary condition of the creation and continued existence of such a private way over "lands granted by the same owner," the fact that another shorter or even better way may exist over the land of a stranger, in order to reach a public road or street, will not destroy such an easement, or require a person entitled thereto to acquire a new way from the stranger by paying him compensation under the method provided by our constitution and statutes. See 19 C. J. 927, § 124.

5. While it is the general rule that a bona fide purchaser of land without actual or constructive notice of the existence of an easement takes the title free of such a burden, and one buying land may ordinarily assume that there is no easement except such as may be shown of record or by open and visible indication on the land itself, yet a purchaser will be charged with notice of an easement where an inspection of the premises would have readily revealed such physical facts as would have put him upon inquiry in the exercise of ordinary diligence. 41 A. L. R. 1442, 1448, 1449, note and cit.; 9 R. C. L. 805, 806, § 61; 4 R. C. L. Supp. 2555, § 61; 19 C. J. 939, 940, §§ 145-147, and cit.

6. Under the preceding rulings, the judge did not abuse his discretion in granting an interlocutory injunction against the closing, as a continuing nuisance, of the alleged private way by necessity.          *Judgment affirmed. All the Justices concur.*