## 33695. WESLEY *v.* THE STATE.

GARDNER, J. 1. This case is here assigning error upon the overruling of a motion for new trial based upon the conviction of the defendant, under an indictment charging assault with intent to murder, of unlawfully shooting at another. The assignment of error is on the general grounds only.

Briefly, but substantially, the jury were authorized to find from the evidence that the defendant and Mose Reeves Jr. had become angered with each other in 1949, brought about by the interference of the defendant with Reeves' wife. A separation followed. There was one disturbance after another between them from the time the trouble began until the shooting on February 5, 1951. The trouble between them kept boiling until the day of the shooting, at which time there was hot blood between them. On the day of the shooting we find the defendant driving his car on a public road with a pistol, and find Reeves on the highway with a shotgun. The defendant stopped his car with one foot on the running board, the other foot on the ground, and began shooting at Reeves. Thereupon, Reeves returned fire with the shotgun. Each made plausible excuses as justification for being at the particular place where the shooting occurred, and justification for shooting each at the other.

The defendant in his statement related that Reeves had become so provoking to him that he, the defendant, informed his employer that he would have to leave his employment. The employer informed the defendant that he did not want the defendant to leave, but wanted the defendant to stay out of Reeves' way, and not to sit near a window. He also denied having any improper relation with Reeves' wife. The inference from the evidence seems clear that the disturbance was because of the interference of the defendant with Reeves' wife. Reeves and his wife had separated and divided the children between them. During the time when the bad feelings between them began and the day of the shooting, such feelings had grown in intensity. The evidence is in conflict as to which one of the two, the defendant or Reeves, fired the first shot. The jury were authorized to find that the defendant did.

2. The principles of law applicable to the facts here under the indictment are elementary. The difference between counsel for the State on the one hand and counsel for the defendant on the other hand turns upon the authority of the jury as to its finding upon what the evidence shows. There have been many decisions involving the principles of law here applicable, and since they are elementary, we see no necessity for citing these authorities. We have read the evidence carefully. There are no exceptions to the charge of the court. We think that it is sufficient to state the principles of law under the evidence as related above. Neither of the parties involved, the defendant or Reeves, was struck with the bullet or shot from either of the weapons.

(a) The indictment charged the defendant with assault with intent to murder. We think that a verdict for this offense would have been authorized, but it was not demanded by the evidence, and the jury could have acquitted and did acquit the defendant of assault with intent to murder.

(b) The indictment includes the offense of shooting at another. The question is, does the evidence authorize this verdict under the indictment and the facts? The State contends that it does, and the defendant contends that it does not. If Reeves had died from a bullet discharged on the occasion, we think that the defendant could have been indicted for and convicted of murder under this evidence if the jury had determined under such evidence that the defendant was activated by malice. On the other hand, if Reeves had died from a bullet discharged from the pistol of the defendant, the jury would have been authorized upon the trial to convict the defendant of voluntary manslaughter under the principles of what is generally known as irresistible passion or mutual combat.

(c) Since Reeves did not die from the shooting, it necessarily follows, as we understand the law, that a verdict for the offense of shooting at another, as was included in the indictment returned, was authorized under three generally recognized principles of law: (1) A shooting with intent to kill, motivated by what is generally known as voluntary manslaughter under a sudden heat of passion and without malice; (2) under the principles of mutual combat which, of course, is with intent to kill but without malice; and (3) unlawfully shooting at another, which is, of course, without malice, without the generally recognized principle of passion and without the principle of mutual combat. This offense of unlawfully shooting at another is covered separately by a Code section on the subject (§ 26-1702).

(d) Under the sort of case involved here, the intention of the defendant in firing the shot is always a question for the jury, and it is a question for the jury to determine whether the shot was fired by the defendant with malice; or under a passion; or without malice under the principles of voluntary manslaughter in mutual combat; or under Code § 26-1702, dealing particularly with unlawfully shooting at another. It is our opinion that, under the evidence and these principles of law, the jury were authorized to find the defendant guilty of shooting at another. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 3, 1951.

*McDonald & McDonald,* for plaintiff in error.
*Harvey L. Jay, Solicitor-General,* contra.