34240. MORTON v. THE STATE.

TOWNSEND, J. 1. On an indictment charging the defendant with the possession of non-tax-paid whisky on January 19, 1952, evidence of a witness for the State that whisky was found in the home of the defendant, and the statement, "That was here in Clarke County" sufficiently lays the venue of the offense. *Baker* v. *State,* 55 *Ga. App.* 159 (1) (189 S. E. 364); *Climer* v. *State,* 204 *Ga.* 776 (2) (51 S. E. 2d, 802).

2. The misstatement in the charge of the court as follows: "If you have a reasonable doubt that any *proof has been submitted* showing she possessed non-tax-paid liquor . . it would be your duty to acquit,"

was apparently no more than a *lapsus linguae,* and in view of the fact that the charge correctly stated seven times the rule that the State must prove, and the jury must be convinced, of the guilt of the accused beyond a reasonable doubt, and if not so proved it would be the jury's duty to acquit, this misstatement could not reasonably have misled the jury. *Mills* v. *State,* 41 *Ga. App.* 834 (155 S. E. 104); *Southern Railway Co.* v. *Merritt,* 120 *Ga.* 409 (1) (47 S. E. 908).

3. An assignment of error to the effect that the court, in ruling on the admissibility of certain evidence, addressed remarks to counsel in the presence of the jury, which remarks expressed an opinion as to what had been proved, will not be considered where no objection was made or motion for a mistrial urged at the time of such utterance. *Pulliam* v. *State,* 196 *Ga.* 782 (6) (28 S. E. 2d, 139); *Shepherd* v. *State,* 203 *Ga.* 635 (2) (47 S. E. 2d, 860). Regardless of the impropriety of such remarks, error can not be assigned thereon for the first time on motion for a new trial.

4. The general grounds of the motion for a new trial are not insisted upon and are consequently treated as abandoned.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 16, 1952.

*Guy B. Scott Jr.,* for plaintiff in error.
*D. M. Pollock, Solicitor-General,* contra.

