### 39363. BRAGG v. THE STATE.

DECIDED MARCH 2, 1962.

*O. Frank Brant,* for plaintiff in error.
*Cohen Anderson, Solicitor-General,* contra.

NICHOLS, Presiding Judge. 1. Special ground 1 of the amended motion for new trial, which is but an amplification of the general grounds complains that the trial court erred in failing to instruct the jury upon the contentions of the defendant, "that he had a right to shoot off his gun, as he did, for the purpose of scaring off such trespassers, and that he claimed he did not intend to shoot anyone and especially the prosecutor whom he claimed not to know was present." The record reveals that the trial court amply charged the jury with reference to what constitutes the offense of unlawfully shooting at another; also under what circumstances the defendant would be justified in shooting at another. The jury, always the triers of the facts

in such cases, applying these instructions to the facts in the case, found the defendant guilty. Accordingly, there is no merit in special ground 1 of the amended motion for new trial.

2. Special ground 2 of the amended motion for new trial complains that the trial court erred in charging the jury as follows: "If you should reach the conclusion that he is not guilty of *any* crime . . . you should acquit him." In the first sentence of the court's charge to the jury and throughout the entire charge the jury was instructed repeatedly that the bill of indictment upon which the defendant was being tried charged the defendant with the offense of unlawfully shooting at another; also the trial court correctly charged the jury that the State must prove, and the jury must be convinced of the defendant's guilt beyond a reasonable doubt, and if not so proved it would be the jury's duty to acquit. At most this was a mere lapsus linguae on the part of the trial court and considering the charge as a whole could not reasonably have misled the jury. See *Morton v. State,* 86 Ga. App. 764 (2) (72 SE2d 548), and citations. Accordingly there is no merit in this ground for assignment of error.

3. The defendant contends that his motion for new trial should have been granted on the general grounds because: 1, the evidence failed to show that the defendant intended to shoot Delcom H. Parker; and 2, failed to show that the defendant knew Delcom H. Parker was present at the time of the shooting. Whether or not the defendant intended to fire the shot, or was justified in firing same are questions for a jury. See *Wesley v. State,* 84 Ga. App. 649, 650 (67 SE2d 155). Also this court in *Beddingfield v. State,* 13 Ga. App. 623, 624 (79 SE 589), has held it is no defense that the accused did not know the identity of the person at whom he shot.

There is sufficient competent evidence in the record to support the verdict and the trial court did not err in overruling the general grounds and both special grounds of the defendant's motion for new trial. *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824).

*Judgment affirmed. Frankum and Jordan, JJ., concur.*