### 40338. KANE v. STANDARD OIL COMPANY OF KENTUCKY.

HALL, Judge. This was an action on account for purchases made by use of a credit card issued by the plaintiff to the defendant. The defendant's answer denied the indebtedness and alleged that the defendant, after receiving a monthly statement that included several charges made by one Robinson, had notified the plaintiff that Robinson had stolen one of the defendant's credit cards and was not authorized to use it, and requested the plaintiff to take action to stop the extension of credit on the card, but that the defendant made no attempt to prevent further unauthorized charges. There was a verdict and judgment for the plaintiff, and the defendant assigns error on the overruling of his motion for new trial. *Held:*

1. When the grounds stated in an assignment of error are that the verdict is contrary to the evidence and contrary to law and the principles of justice and equity, and no specific question of law is stated, the only question for determination is

whether the verdict, for want of sufficient evidence to support it, is contrary to law. *Newman v. Arnold,* 176 Ga. 387, 388 (168 SE 27); *Calhoun v. Ozburn,* 186 Ga. 569, 570 (198 SE 706); *Jackson v. Sapp,* 210 Ga. 134, 135 (78 SE2d 23); *Walker v. State,* 216 Ga. 474, 475 (117 SE2d 156); *Brown v. State,* 15 Ga. App. 115 (82 SE 634); *Durham v. Pitts,* 101 Ga. App. 437, 439 (114 SE2d 217). The defendant did not make specific assignments of error raising the questions he now argues on the general grounds.[1] Accordingly, since there was evidence to support the verdict, the trial court did not err in overruling the general grounds of the motion for new trial.

2. Special ground 1 complains of the court's charge that "the authority of the holder of the credit card in this case need not be proved by an express contract between the plaintiff and defendant, but may be established by the defendant's conduct and course of dealing, for the one who holds out another as his agent and by his course of dealing indicates that the agent has certain authority and induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which as reasonably deducted from the conduct of the parties the agent apparently has." The plaintiff's evidence made the issue that the defendant em-

---

[1] These questions arising from credit card transactions have not been dealt with by legislation or judicial decision in Georgia. The foreign authorities are not unquestionably persuasive or harmonious. See Union Oil Co. v. Lull, 220 Ore. 412 (349 P2d 243); Gulf Refining Co. v. Williams, 208 Ark. 362 (186 SW2d 790, 158 ALR 754); Magnolia Petroleum Co. v. McMillan, (Texas) 68 SW2d 881; Texaco, Inc. v. Goldstein, 229 NYS2d 51; The Tripartite Credit Card Transaction, A Legal Infant, 48 Calif. L. Rev. 459; Credit Cards, 57 NWU L. Rev. 207; Clafin, The Credit Card, A New Instrument, 33 Conn. Bar. J. 1; Note 109 U. Pa. L. Rev. 266 (1960); Note 12 DePaul L. Rev. 150; Consumer Credit by Adhesion Contracts, 35 Temple L. Q. 125; Credit Cards Civil and Criminal Liability for Unauthorized or Fraudulent Use, 35 Notre Dame L. Rev. 225; Limitations on Credit Card Holders' Liabilities for Unauthorized Purchases, 13 Stanford L. Rev. 150 (1960); McKinley's Consolidated Laws of New York Anno., Book 19, General Business Law, § 512 (1963 Supp.).

ployed Robinson and gave him the credit card. The evidence showed that the defendant paid for some of Robinson's purchases. This supposedly was the evidence to which the charge had reference.

The defendant argues that this charge was inaccurate because the circumstances in this case were such as to put the plaintiff on notice to inquire into the real authority, and the evidence made it questionable whether the plaintiff relied on any ostensible authority in good faith and in the exercise of reasonable prudence and diligence; therefore the failure of the charge on estoppel to incorporate an instruction on these issues made it defective. Further instruction on these points may have been warranted by the evidence to amplify the principle that a third person can rely on an estoppel by apparent authority *when* the authority is reasonably deducible from the conduct of the principal, or *when* the third party is justified in assuming the authority is as it seems from appearances. See *National Homes, Inc. v. City Plumbing &c. Co.,* 108 Ga. App. 519 (133 SE2d 416). However, the charge complained of was not an erroneous statement of law, and if the defendant thought that a fuller instruction would aid the jury, he should have submitted a request for further instructions. *Studstill v. State,* 7 Ga. 2, 3 (7) ; *Lightfoot v. Southeastern Liquid Fertilizer Co.,* 102 Ga. App. 512, 513 (116 SE2d 651).

The first clause in the quoted charge contains, seemingly by inadvertence, the terms "plaintiff and defendant," when the intended reference was to the defendant and the persons making the disputed charges. It is not likely that this inadvertent misuse of terms misled the jury in arriving at their verdict and it does not require a reversal of the case. *Siegel v. State,* 206 Ga. 252 (56 SE2d 512) ; *Mills v. State,* 41 Ga App. 834 (155 SE 104) ; *Parker v. Bryan,* 96 Ga. App. 283, 289 (99 SE2d 810).

3. The trial court charged, ". . . the plaintiff contends that the defendant told their Mr. Sims and Mr. Aycock that the card was delivered to this L. C. Robinson in·connection with some duty assigned to him by the defendant in the State of Florida." The defendant's contention in ground 2, that this charge was argumentative and not consistent with the evi-

dence, is without merit in view of the testimony of Mr. Sims and Mr. Aycock.

4. In ground 3 the defendant contends that the plaintiff's evidence was not sufficient to overcome the legal presumption that a letter addressed to the plaintiff, which the defendant testified he had properly mailed, reached its destination. The defendant assigns error on the court's charge that the presumption of receipt created by the proper mailing of a letter is a rebuttable presumption. At the conclusion of this charge the court instructed the jury to "look to the evidence and determine whether or not . . . the letter was received by the plaintiff." The defendant relies on *Fireman's Fund Ins. Co. v. Hardin,* 44 Ga. App. 849 (162 SE 841), and *Home Ins. Co. v. Head,* 36 Ga. App. 779 (138 SE 275). These cases hold that the testimony of a certain company official that he had not received a letter addressed to the company, and indicating that the letter could have been received by other persons in the company, did not *as a matter of law* rebut the presumption that the letter was received. These cases are not inconsistent with the charge complained of.

5. Ground 4 complains of a charge in which the court stated that it took judicial notice of a universal custom in the use of credit cards and referred to practices that, according to the evidence, were followed by the plaintiff in this case and the service stations at which the credit card was used. This charge was concluded with the statement that "the agreement between the Standard Oil Company and the defendant is set forth on the back of the card." There may be a question whether the three-party credit card arrangement in which this plaintiff and defendant participated evidenced a custom of which the court could properly take judicial notice. The charge was not harmful to the defendant, however, because the issues on which this case was tried made the terms printed on the credit card controlling of the rights of the parties. The charge, even if incorrect, does not require a new trial. *Kimball v. State,* 63 Ga. App. 183, 187 (10 SE2d 240); *Homasote Co. v. Stanley,* 104 Ga. App. 636, 639 (122 SE2d 523).

The trial court did not err in overruling any of the special grounds of the motion for new trial.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

DECIDED NOVEMBER 1, 1963.

*Robert S. Whitelaw, Robert Carpenter,* for plaintiff in error. *Gambrell & Mobley, David H. Gambrell, Fryer, Harp & Turk, William Harp,* contra.