### 42026. McEWEN v. THE STATE.

HALL, Judge. The defendant appeals from his conviction and sentence for larceny of an automobile.

1. The trial court did not err in overruling the motion to quash the indictment on the ground that it alleged that the defendant had been twice previously convicted of a felony. *Lewis v. State,* 113 Ga. App. 714.

2. The trial court did not err in overruling the defendant's motions to dismiss the prosecution and to exclude evidence on the ground that the defendant was illegally arrested without a warrant. The facts and circumstances surrounding the arrest would justify a reasonable belief by the arresting officers that the offender was escaping and that there would likely be a failure of justice if an arrest were not made before a warrant could be obtained. *Code* § 27-207; *Pistor v. State,* 219 Ga. 161, 165 (132 SE2d 183); *Bloodworth v. State,* 113 Ga. App. 278 (147 SE2d 833).

3. The evidence was sufficient to sustain the conviction. The trial court did not err in overruling the defendant's motion to dismiss the indictment or to instruct the jury to return a verdict of not guilty, and in overruling the defendant's motion for new trial on the general grounds.

4. The trial court in charging the jury the statute prescribing the sentence in the event the defendant was convicted and was shown to have been previously convicted of a felony (*Code* § 27-2511, as amended, Ga. L. 1953, Nov. Sess., p. 289), used the words "the offense of which he stands accused" rather than the words of the statute, "the offense of which he stands convicted." It is unlikely that this verbal inaccuracy confused or misled the jury; it is not shown to have harmed the defendant, and was not error. *Siegel v. State,* 206 Ga. 252 (56 SE2d 512); *Mills v. State,* 41 Ga. App. 834 (155 SE 104); *Kane v. Standard Oil Co.,* 108 Ga. App. 602, 604 (133 SE2d 913).

5. The trial court did not err in failing to charge the jury the requests submitted by the defendant, which did not meet the

requirement of being perfect, apt, and precisely adjusted to some principle involved in the case. *Lewis v. State,* 196 Ga. 755 (27 SE2d 659); *Downs v. Powell,* 215 Ga. 62, 65 (108 SE2d 715).

6. Other enumerations of error, Nos. 2, 3, 4, 5, 8, 15 and 17, are not supported in the defendant's brief by citation of authority or argument and are deemed to be abandoned. Rule 17 (c) (2), Rules of the Court of Appeals of the State of Georgia, effective August 1, 1965.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED MAY 3, 1966—DECIDED MAY 13, 1966—
REHEARING DENIED MAY 27, 1966.

*L. Paul Cobb, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, Ernest Stanford, Jr., J. Walter LeCraw, Amber W. Anderson,* for appellee.