61666. SIRMANS v. THE STATE.

DEEN, Presiding Judge.

1. The appellant was convicted of aggravated assault, and complains of the following charge as burden shifting and as inaccurate: "If you believe, however, beyond a reasonable, if you believe, however, that the defendant was justified in the shooting, which he admitted, and that he shot the person of James Calloway under the circumstances he contends and that he was justified then you may return a verdict in his favor acquitting him." Obviously, the words "beyond a reasonable" constituted a *lapsus lingui* immediately corrected by saying "if you believe, however, that the defendant was justified." Since the defendant never denied the shooting and depended only on justification we find the error to be harmless when considered with the charge as a whole. *Johnston v. State,* 232 Ga. 268 (206 SE2d 468) (1974); *Bragg v. State,* 105 Ga. App. 442 (124 SE2d 645) (1962). The statement that the defendant admitted shooting the victim cannot be held error where the defendant so testifies and no issue is made as to the fact. *Williams v. State,* 98 Ga. App. 346 (105 SE2d 771) (1958).

2. Where the court charges that the presumption of innocence remains with the defendant throughout the trial unless overcome by evidence sufficient to convince the jury beyond a reasonable doubt of the guilt of the accused, and in another place gives a general form of not guilty verdict, and where examination of the charge as a whole makes it clear that the failure to repeat the specific not-guilty form in connection with the crime for which the defendant was indicted could not have been misleading, we find no reversible error, under the circumstances, in this omission. *Thompson v. State,* 120 Ga. 132 (5) (47 SE 566) (1904).

3. Enumerations 3, 4 and 7 complain of failure to charge (a) that the right of self defense may be exercised where one acting under the fears of a reasonable person acts on the belief that the danger is real; (b) that apparent danger is just as effectual as real danger, and (c) if one is honestly and reasonably in fear of serious bodily harm he may use such force as appears reasonably necessary under the circumstances; that one who believes he is fighting for his life may use more force than would appear necessary to a detached observer.

The jury was instructed that a person is justified in using force to the extent he reasonably believes such force is necessary to defend himself against another's unlawful use of force, but only if he reasonably believes such force necessary to prevent great bodily injury. Instructions, of course, need no longer be given in the exact language of the request. *Williams v. State,* 149 Ga. App. 34 (253 SE2d 432) (1979). The objection here urged is that the requested charges extend the justification defense as dealing with the fears of a reasonable person under the circumstances. This was substantially covered in the general charge. *Teal v. State,* 234 Ga. 159 (3) (214 SE2d 888) (1975); *London v. State,* 142 Ga. App. 426 (236 SE2d 158) (1977). Of the three statements requested, furthermore we do not subscribe to (b), the middle request, nor to the last clause of (c) as being apt for jury instructions, even though the language may be found in an appellate opinion. Not every argument used by appellate courts is suited to jury instructions.

4. As to the general grounds, the defendant at all times admitted that as he went out to get his car, which was blocked by that of the victim, the victim came toward him, following an argument between the parties inside the house, and the defendant heard the victim use "fighting words" and continue to come toward him hand in pocket, which let the defendant to believe that the victim was armed and intended to injure him. The victim, who also testified, denied that he either had a weapon or used provocative language. The trial thus became a swearing contest in which the jury chose to believe the victim. There is sufficient evidence to support this conclusion.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 19, 1981.

*Larkin M. Fowler, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.