No. 7.—THOMAS A. BREWER, plaintiff in error, *vs.* JNO. BOWMAN, defendant.

[1.] The Act of 1834, authorizing the Inferior Courts of the several Counties in this State to grant the right of private ways, in certain cases, containing no provision for making any *just compensation* to the owner of the lands, which might be taken for such private ways: *Held*, to be unconstitutional and void.

In Equity, in Bibb Superior Court. Decided by Judge STARK, at Chambers.

John Bowman applied to the Inferior Court of Bibb County, in 1848, in accordance with the Statute of 1834,* to appoint

---

*An Act to authorize the Justices of the Inferior Courts of the several Counties in this State to grant the right of private ways, in certain cases:

*Be it enacted, &c.* That from and after the passage of this Act, the Inferior Courts of the several Counties in this State are hereby authorized and empowered, on application, (whenever, in their opinion, it shall seem reasonable and just,) to grant settlement roads or private ways to individuals, to go from and return to his, her or their farm or place of residence

commissioners to lay out and establish a private way for his use and benefit, from his plantation, on the Ocmulgee river, in said County, to the Forsyth road. The order was granted, and the road established accordingly. Afterwards, Thomas A. Brewer, through whose land the said private road passed, obstructed the same by erecting a gate, thereby preventing its use by Bowman.

Bowman applied to the Superior Court for an injunction to restrain Brewer from obstructing the road, which was granted by Judge *Stark.*

Upon the coming in of the answer of defendant to complainant's bill, counsel for the defendant moved the Court to dissolve the injunction and dismiss the bill, which motion was overruled by the Court, and defendant, by his counsel, excepted.

Hines and Hall, for plaintiff in error.

Powers and Whittle, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

In May, 1848, Bowman obtained an order from the Inferior Court of Bibb County, to establish a settlement or private way, from the Forsyth road to his plantation on the Ocmulgee river.

This road passed over the land of Thos. A. Brewer, who obstructed the use of it by the erection of a gate across it.

---

Sec. II. Whenever application is made to the Inferior Court by any individual, for a road or way, as aforesaid, it shall be the duty of said Court to appoint three disinterested men in the district where the applicant wishes the road or way to run, whose duty it shall be to go and mark out a suitable road or way, having due regard to the least possible injury to the land through which said road or way is intended to be run, and return to the next Inferior Court, for County purposes, the situation and nature of the case.

Sec. III. When said return is made, it shall be the duty of said Court to grant such order to the applicant as they may think proper; so as to allow to him, her or them, a way to pass out and in from and to his, her or their farm or place of residence.

(The remainder of the Act provides for the punishment of those who may obstruct such road or way.)

Bowman filed a bill of injunction against Brewer, to restrain him from obstructing his road.   Brewer answered the bill, and moved the Court to dissolve the injunction, which the Court refused to do ; whereupon Brewer excepted, and now assigns the same for error here.

[1.] We distinctly recognize the Common Law principle, urged by the defendant in error, that where A has a tract of land, surrounded by other lands of his own, and he grants the tract of land so surrounded to B, the grantee shall have a right of way to the land granted to him by A, over A's land, as an *incident* to the grant; for otherwise, B could not derive any benefit from the grant.   Upon such a statement of facts, B would be entitled to a right of way over the lands of A, from necessity.   But the application for the injunction in this case, is not based upon this Common Law principle.   The application for the injunction is founded *exclusively* upon the Act of 1834.   *Prince,* 742.   The question as to the *constitutionality* of that Act, is distinctly made by the record, and is, really, the only question in the case.   We have endeavored to give it that consideration and reflection which its importance would seem to require, and the result of our deliberations is, that the Act of 1834, granting the right of private ways over the lands of other persons, without *providing any just compensation,* is in conflict with the fundamental law of the land, and therefore is *unconstitutional.   Young vs. McKenzie et al.* 3 *Kelly,* 31.   *Doe ex dem. Carr vs. The Georgia Rail Road, I Kelly,* 524.   The Act in question makes no provision whatever for compensation to those whose property may be taken for the use of the road, and it has been insisted, that if it did make such provision, still, it would be *unconstitutional,* for the reason, that the private property of one citizen cannot be taken for the private benefit of another, even *with compensation.*   According to our land laws, the territory of the State has been divided into small tracts, and granted to the citizens thereof.   The land of the complainant is surrounded by the lands of other grantees, or those claiming under the original grantees, so that he cannot reach a public road, without becoming a trespasser.   Hundreds of other citizens of the State are, probably, in the same condition.

Now, upon what principle are *public* roads established? The answer is, for the benefit and convenience of the people who may have occasion to travel over them, either to discharge their *public* duties, or to attend to their *private* interest.

But the complainant's land is surrounded by the lands of other proprietors, so that he is excluded from any *public* road; he cannot get out to vote at elections, to perform jury or road duty, to perform either militia or patrol duty, to give evidence in the Courts of Justice, or to carry the productions of his farm to market. If his land contained a valuable coal mine, or other valuable mineral resources, the *public* would be deprived of the benefit of them, for the reason that such resources could not be developed by the owner, and carried to market, without becoming a trespasser. The public, too, have an interest that the lands of each citizen should be cultivated, and the produce thereof be distributed, according to the wants of the people. It would seem, therefore, that to have a private road, as contemplated by the Act of 1834, would not necessarily, in the view in which we have been considering the question, be *exclusively* for the benefit of the party applying for it, but that the *public interest* would also be promoted, by enabling every citizen to perform all the duties which are required of him by law, for the benefit of the whole community.

If it is competent for the Legislature to authorize rail road corporations, to take the property of the citizen for the construction of their roads, on making just compensation therefor, upon the principle that the *public* are benefitted by the construction of such roads, it is difficult to understand why it is not also competent for the Legislature to authorize the granting of private ways, in cases of necessity, upon just compensation being made to the owner of the land which shall be taken for that purpose.

In the former case, the corporation is benefitted by the Legislative grant, and the interest of the public is supposed to result from the construction of the road. So, in the latter case, the individual is benefitted by the Legislative grant of the private road, and the public interest must also be supposed to be advanced, for the reasons already stated, by enabling any citizen to perform all

the duties required of him by law. In the case of the rail road corporation, the Legislature judges of the *necessity* of the *public* interest, to authorize the grant of power to take *private* property for the use of the road; why should not the Legislature also be permitted to judge of the *necessity* of the *public interest,* in granting the power to take *private* property for private roads, upon just compensation being made therefor?

In *Taylor vs. Porter,* (4 *Hill's N. Y. Rep.* 140,) it was held by the majority of the Court, that private property could not be taken for a private road, even *with compensation,* and that an Act of the Legislature, granting the power to establish such road, was unconstitutional and void. In Pennsylvania, it has been held that the Legislature may authorize the laying out of private ways, for the purpose of enabling citizens to reach the public roads. *Harvey vs. Thomas,* 10 *Watt's Rep.* 63.

In *Buckman. vs. The Saratoga Schenectady Rail Road Co.* (3 *Paige's Rep.* 73,) Chancellor *Walworth* states the doctrine upon this subject to be, that "if the *public interest* can be *in any way promoted* by the taking of private property, it must rest in the *wisdom* of the Legislature to determine whether the benefit to the *public* will be of sufficient importance to render it expedient for them to exercise the right of *eminent domain,* and to authorize an interference with the private rights of individuals for that purpose." See also *Commonwealth vs. Breed,* 4 *Pickering's Rep.* 463.

We have endeavored to show that the establishment of private roads, by the authority of the Legislature, is not *exclusively* for the benefit of the individuals upon whose application they may be so established, but that the *public* are also interested in every citizen having a right of way to and from his lands or residence. If we are right in this view of the question, then it would follow that if the Act of 1834 had made provision for compensation for the land taken for the right of way, the Act would have been constitutional.

This view of the question is strengthened by the consideration that the State of Georgia never could have intended to have granted any portion of her lands to her citizens, and that such grantees, or the assignees of such grantees, should be prevented

from having the right of way over such granted lands, to perform all the *public* duties which her laws require.    But inasmuch as the Act of 1834 makes no provision, whatever, for any *just compensation* to the owner of the land over which the private road may be laid out, we feel constrained, in accordance with the principles settled by this Court, in *Young vs. McKinzie et al.* and in *Doe, ex dem. Carr vs. The Georgia Rail Road Co.* to adjudge that Act to be unconstitutional and void.

Let the judgment of the Court below be reversed.