## GARBUTT LUMBER COMPANY *v.* WALL *et al.*

1. In an action of trespass quare clausum fregit for damages arising from the cutting of timber, where the plaintiff makes it affirmatively appear by his pleadings and proof that the defendant claims title from no other source than from the grantor of the plaintiff, and that from such common grantor the plaintiff holds the better title of the two, and he further makes proof of the cutting of timber without his authority, and the value thereof, it is erroneous for the court, after such proof has been submitted, to grant a nonsuit.

2. The fact that the defendant claims under the common grantor is an admission sufficient to raise a presumption of title in the common grantor, and, taken in consideration with other evidence sufficient to show in the plaintiff better title from the common grantor than the claim of the defendant, was sufficient to show such title in the plaintiff as would prima facie entitle him to recover for damages to the freehold.

Submitted March 3,—Decided August 9, 1906.

Trespass. Before Judge Martin. Irwin superior court. March 1, 1905.

*Hal Lawson,* for plaintiff.

*Quincey & McDonald* and *E. D. Graham,* for defendants.

ATKINSON, J. This is an action of trespass quare clausum fregit, consisting of an alleged wrongful cutting of timber. On the trial the proof submitted by the plaintiff was in accordance with his petition, and showed that both parties had deeds and claimed only under a common grantor. The plaintiff relied solely upon this fact as being sufficient proof upon the question of title to carry the case to the jury. Neither party, nor any one under whom they claimed, was shown ever to have been in possession, and there was no attempt to show title in the common grantor. At the conclu-

sion of the plaintiff's evidence, upon motion the court granted a.
nonsuit. The plaintiff excepts, and, insisting that the proof of a.
better title from the common grantor was sufficient proof of title,
assigns error upon the ruling of the court. In support of the.
court's ruling, counsel for the defendant, while admitting that in.
ejectment suits, where the result can only be a recovery of posses--
sion, the common-grantor doctrine will apply, insists that a differ--
ent rule prevails when the object of the suit is to recover damages.
for injury actually committed to the freehold. In this connection
he says: "Ejectment is for the recovery of the land itself, while:
trespass is for damage to the possession or to the land itself, and.
no one is damaged not in possession, except the true owner of the:
land. If one were permitted to recover for damages for trespass.
upon land under a common grantor, and the common grantor did
not prove to be the true owner, the true owner could afterwards
come and recover a second time from the trespasser. The first
recovery would not be a bar to the true owner." The reasoning of
counsel will not support the ruling of the court. Where title is es--
tablished, it is immaterial whether it be by grant, by admission, or
by presumption. It is sufficient that it is established. The effect is.
the same, no matter how established, so long as it endures. The
title proved by direct admission or presumed from other facts.
proved is as good as one by direct grant, until overthrown. The
difference between them relates to stability rather than to effect.
while they last. The one may be rebutted more easily than the
other; but until rebutted in some way, all are of equal value. The
real trouble with the position of learned counsel is that he does not
show due regard for the title which is proved by admission or is pre--
sumed from other facts proved. This case really presents a good
example of the application of the rule which prevails upon the sub--
ject of the shifting of the burden of proof. The burden of proving
title in the first instance is always upon the plaintiff. By making
prima facie proof of title he shifts the burden to the defendant of
disproving facts introduced by the plaintiff, or showing better out-
standing title. If the defendant successfully carries the burden, it.
will again be incumbent upon the plaintiff to make further proof of
title in order to authorize a recovery in his behalf. So the question
is, did the plaintiff, by proving that he had better title from the
common grantor, make a prima facie case of title to the timber in

dispute? If, in answer to the plaintiff's allegation of ownership, the defendant had admitted in his plea that the plaintiff was the owner thereof, there could be no contention that the plaintiff would not be entitled to recover without submitting further proof of title. In such case there would be an admission of title in the plaintiff, and he would be permitted to recover for injury to the freehold though it may be that he was not the true owner, and the consequence might follow that the defendant would have to pay two different persons for the same injury. Founded upon the admission of the defendant, the law presumes title in the plaintiff and permits him to recover. In the case at bar it affirmatively appears that the defendant claimed under no one except the common grantor. The fact that he so claimed must be taken as an admission that the common grantor had title, and, until something further to the contrary appears, such admission must be sufficient to raise the presumption that the common grantor was the true owner. Why the necessity of proving a fact which the defendant admits to be true? Upon the presumption of title in the common grantor and the evidence introduced by the plaintiff to the effect that the plaintiff, from the common grantor, held a better title than the defendant, it was erroneous for the court to grant a nonsuit. In civil actions, rights of parties generally turn upon the theory of giving preference to the preponderance of evidence; and when a party supports the burden of proof which may be imposed upon him in a given case, it is not necessary, but in many cases only tends to confusion, to introduce on the point more proof than that which is essential to its support. There is no part of the practice more important or more inviting to the genius of counsel than in knowing where the burden of proof lies during the course of a trial, and the extent of proof upon his part necessary to keep the burden shifted to his opponent. The plaintiff's counsel in this instance did not wander from the narrow way, but, unerring, proceeded to the resting place, and was content there to stop. In connection with what has been said, see McBurney *v.* Cutler, 18 Barb. 204, where it is said: "Where, in an action for trespass on land, the defendant sets up a claim of title under the person through whom the plaintiff claims, it is unnecessary for the plaintiff to prove title in such person. The defendant by relying on him as a source of title admits he had title."

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*