MURRELL *et al. v.* NORTH LONDON FINE ART COMPANY LIMITED *et al.*

225

*All the Justices concur.*

No. 8228.   JUNE 9, 1931.   REHEARING DENIED SEPTEMBER 17, 1931.

*Murrell & Murrell, A. L. Henson,* and *H. E. Edwards,* for plaintiff. *Branch & Howard* and *Bond Almand,* for defendants.

ON MOTION FOR REHEARING.

HINES, J. We do not construe the judgment of the court as adjudging that the plaintiffs do not have title to or a lien upon the liberty bond involved in this case. The provision in the order,

that Samuel E. Murrell, Esq., "is directed to execute a proper assignment or order authorizing . . Lanford to take possession of said bond, and . . to deliver said bond to" the clerk of the court, is not to be construed as holding that plaintiffs have no title to or lien on this bond. The purpose of this provision is to enable Lanford to get this bond from the United States immigration officer and to deliver the same to the clerk of the court, who is to hold the same until the further order of the court or the final disposition of this case. The use of the language "a proper assignment" is not to be held as requiring a written transfer of this bond to Lanford. The purpose was to require Murrell to do what is necessary to enable Lanford to get this bond from the immigration officer, and for Lanford to turn it over to the clerk to be held by the latter officer to be disposed of by the further order or final judgment in the case. The provision simply requires Murrell to give Lanford the necessary order to enable him to procure the bond from the immigration officer, and to turn the same over to the clerk of the court to be held subject to the final judgment in the case. We direct that this provision of the order be so construed, and not be held as adjudicating adversely to plaintiffs any title or lien which they may have to or on this bond, and as leaving their rights to be finally determined by the further order of the court or final decree in the case, and that their right of title or lien is left open to be determined by the further order or decree of the court. We do not think it was the purpose of the trial judge to adjudge adversely to them their title to or lien on this bond, but he left the question of title thereto open for adjudication upon the final trial of the cause. With this explanation we overrule the motion of the plaintiffs in error for a rehearing.