## LANCASTER *v.* DANIEL.

ATKINSON, J. An action was instituted to cancel, as a cloud on title, a duly recorded bond for title and a deed in pursuance thereof, purporting to have been executed by the plaintiff to the defendant on consideration of seven hundred dollars; and for other relief. It was alleged in the petition that the plaintiff owned the property in virtue of a sheriff's deed executed in pursuance of a sale under a judgment in her favor against a third person, that she had not individually executed the bond for title and deed, or authorized any one else to do so, and that those instruments were forgeries. The answer denied the plaintiff's ownership at the time of commencement of the suit, and her allegation that she had not executed the papers in question; and alleged that the plaintiff "actually executed" both papers for the consideration therein expressed, which was paid before delivery of the deed. At the conclusion of plaintiff's evidence a judgment granting a nonsuit was rendered. The plaintiff excepted.

1. The allegations in the defendant's answer amount to an admission of a claim of title under the plaintiff. Such admission will prima facie

support the plaintiff's general allegation of title to the property in question. *Garbutt Lumber Co.* v. *Wall*, 126 *Ga.* 172 (54 S. E. 944).

2. The evidence did not demand a finding that the plaintiff ratified the alleged forged instruments.

3. On the remaining and controlling issue as to forgery of the bond for title and deed, though the burden of proof was on the plaintiff, her testimony that she did not execute the papers or authorize any one else to execute them, and that she did not know of their existence or of any transaction with the defendant, was sufficient prima facie to sustain the allegation of forgery. Other parts of her testimony tending to show that the plaintiff received from her attorney at law, at different times, checks for money issued by the defendant, without any explanation except that she thought they were on account of "something like rent, . . I didn't know how; he didn't explain it; . . I thought it was coming through the place," considered with the other evidence in the case, were not sufficient to take the case from the jury.

4. Under the admissions in the answer and the evidence as a whole, the plaintiff made out a prima facie case supporting the allegations of the petition, and it was erroneous to grant a nonsuit. An affirmance of that judgment is not required by the rulings in *Southern Railway Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294), and *Steele* v. *Central of Georgia Railway Co.*, 123 *Ga.* 237 (51 S. E. 438), as follows: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans*, 96 *Ga.* 481 [23 S. E. 494]; *Freyermuth* v. *R. Co.*, 107 *Ga.* 32 [32 S. E. 668]; *Ray* v. *Green*, 113 *Ga.* 920 [39 S. E. 470]; *Farmer* v. *Davenport*, 118 *Ga.* 289 [45 S. E. 244]. And he 'is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.' *Southern Bank* v. *Goette*, 108 *Ga.* 796 [33 S. E. 974]."

*Judgment reversed. All the Justices concur.*

No. 9478. FEBRUARY 13, 1934.

*Augustus M. Roan* and *Noah J. Stone*, for plaintiff.
*Mark Bolding* and *Hamilton B. Stephens*, for defendant.