HARDIN, administrator, *v.* PIE.

No. 10085.   SEPTEMBER 15, 1934.

*Hamilton McWhorter* and *Tull & Brown,* for plaintiff.

*W. W. Armistead, Joel Cloud,* and *Green & Michael,* for defendant.

ATKINSON, J.   An execution was issued on October 8, 1929, based on a judgment rendered on September 3, 1929, in the city court of Lexington, in favor of H. H. Hardin as administrator of the estate of Nat D. Arnold, deceased, against W. K. Howard as executor of the will of J. J. Smith, for a stated amount of principal, interest, attorney's fees, and costs.   On October 9, 1929,

described realty was levied upon as the property of the defendant in fi. fa. The return of the officer as amended showed that at the time of the levy the property was in the possession of Manse Pie. A statutory claim was interposed by Pie. The claim was so amended that it should embrace only a described part of the land levied upon. A verdict was returned for the claimant. A motion for new trial was overruled, and the plaintiff excepted.

There was evidence tending to show that the claimant entered possession under a parol executory contract of purchase from Smith, the testator of defendant in fi. fa., and continued in that possession and under successive bonds for title executed by Smith to the claimant, dated July 15, 1908, and January 1, 1912, and ever thereafter, and had paid all the purchase-price except one or two dollars, which amount the vendor had waived. The judge charged the jury: (a) "that actual adverse possession of lands by itself for twenty years shall give good title by prescription against every one except the State, or persons laboring under disability." (b) "that possession of land, under the rule of law I have given you in charge, under a bond for title is color of title, and would be prescriptive title if held for seven years." (c) "If you find from the evidence in this case that the contention of the plaintiff is not true, and the contention of the claimant is true that he has held possession of the premises claimed for seven years under color of title adverse to all other persons, or if he has held such premises for twenty years under adverse possession to all other persons, and this possession was open, public, continuous, exclusive, uninterrupted, and peaceable and notorious, and he has not surrendered his bond for title or has not given up the possession of the premises in dispute, then you would be authorized, under the law I have given you in charge, to find in favor of the claimant and the property not subject." (d) "I charge you further an entry under color of title is sufficient to constitute an adverse holding. It is not necessary for this purpose that the title under which such entry is made should be a good and valid title. Though the title of an adverse possession be clearly defective, yet the true owner must enter within seven years, or he is barred his entry."

■ It appearing from the evidence that the claimant's only source of title was by contract of purchase from Smith, the testator of the plaintiff in fi. fa., which amounted to an admission of

title in Smith (*Garbutt Lumber Co.* v. *Wall*, 126 *Ga.* 172, 54 S. E. 944; *Brinkley* v. *Bell*, 126 *Ga.* 480, 55 S. E. 187; *Dorris* v. *Dorris*, 149 *Ga.* 170, 99 S. E. 532; *Tyson* v. *Anderson*, 164 *Ga.* 673-4, 139 S. E. 410), these excerpts from the charge upon which error was assigned, in so far as any of them stated correct principles of law, were not properly adjusted to the pleadings and evidence. There was no evidence of twenty years adverse possession by claimant not under color of title. The claimant could not prescribe against his vendor on the basis of bond for title until after full payment of the purchase-price. Civil Code, § 4164; Powell on Actions for Land, 509, § 381; *Brown* v. *Huey*, 103 *Ga.* 448 (30 S. E. 429); *Baxter* v. *Phillips*, 150 *Ga.* 498 (104 S. E. 196); *Melson* v. *Leigh*, 159 *Ga.* 683 (126 S. E. 718).

■ It is insisted by the attorneys for the defendant in error that any error in the charge was not cause for reversal, because (a) the plaintiff failed to make out a prima facie case; and (b) the evidence submitted by the claimant demanded the verdict. These contentions are not well founded. The claimant, not being content to stop on plaintiff's failure to show a prima facie case at the close of his evidence, proceeded to introduce evidence that his only claim of title was under the testator of defendant in fi. fa., and thereby established a prima facie case for the plaintiff. *Garbutt Lumber Co.* v. *Wall*, supra; *Coleman & Burden Co.* v. *Rice*, 105 *Ga.* 163 (31 S. E. 424); *Thompson* v. *American Mortgage Co.*, 107 *Ga.* 832 (33 S. E. 689); *American National Bank* v. *Lee*, 124 *Ga.* 863 (53 S. E. 268). On the question of payment of all the purchase-money there was no deed or other writing acknowledging receipt thereof by the vendor; and the two bonds for title found among the effects left by the testator were explained only by the claimant as a witness in his own behalf. There was also evidence tending to show that some of the money said by the claimant to have been paid as purchase-money was paid as rent. On the whole the evidence did not demand a finding that all the purchase-money had been paid, or the verdict for the claimant.

*Judgment reversed. All the Justices concur, except Russell. C. J., who dissents.*