JONES *et al.* v. MAULDIN; *et vice versa.*

CANDLER, Justice. R. E. Jones and Doyle Vann filed a suit against Roland W. Mauldin to enjoin him from interfering with their use of a private way. As amended, their petition in substance alleges: The plaintiffs and the defendant own separate improved parcels of land in Floyd County, Georgia, on which they reside. Each holds his respective tract, under a different chain of title, from a remote common grantor, J. F. Crowe. The defendant's lot is adjacent to and fronts on the public road leading from Rome to Cave Springs, Georgia. The plaintiffs' lots are back of and adjacent to the defendant's, but not contiguous to any public road. As their only means of ingress and egress, the plaintiffs have a private way across the defendant's land, not more than fifteen feet wide, beginning at the Rome to Cave Springs road and extending back in an easterly direction along and with the north property line of the defendant's lot to their respective property. By an express grant from J. F. Crowe, which was duly recorded in Floyd County, Georgia, before the defendant's predecessor in title purchased his lot from the same grantor (J. F. Crowe), the plaintiffs have a legal right to permanently use the described passageway for ingress and egress to and from their respective property; and, since the date of its purchase more than ten years before, they and their predecessors in title have continuously used and kept it open and in repair, without any change whatever in its location. The defendant, without right to do so, has, in a specified manner, obstructed the way in question; threatens to do so again whenever and as often as such obstructions are removed therefrom; and, notwithstanding their right to use the way in question for purposes of ingress and egress, has stated that it is his intention, by obstructions, to prevent such use of it in the future

and to personally use it as he sees fit. General and special demurrers were interposed to the petition, as amended, and in a cross-bill of exceptions error is assigned on a judgment overruling them. At the conclusion of the evidence, which was submitted by the parties at an interlocutory hearing for temporary injunction, and, upon motion therefor by counsel for the defendant, the court entered the following order and judgment: "The within petition coming on to be heard on this date, having been continued to this date by agreement of counsel, and evidence for both the petitioners and defendant having been heard and thereafter a motion to dismiss said petition having been made by the defendant on the ground of the insufficiency of the proof of the allegations of the petition by the plaintiff, after argument of counsel, said motion is hereby sustained and said petition is hereby dismissed." To this order and judgment the plaintiffs excepted and by direct bill of exceptions brought the case to this court for review. *Held*:

1. The allegations of the petition, as amended, were sufficient to state a cause of action for the relief sought, and it was, therefore, not erroneous, as contended, for the trial judge to overrule the defendant's general demurrer.

(*a*) A right of private way over the land of another may be acquired by one of four methods: first, by express grant; second, by prescription, seven years' uninterrupted use through improved lands, or twenty years' use over wild lands; third, by implication of law, when such right is necessary to the enjoyment of lands granted by the same owner; and fourth, by compulsory purchase and sale through the ordinary, in the manner prescribed by law. Code, § 85-1401. In this case, as against a general demurrer, the allegations of the amended petition are sufficient to show that the plaintiffs have a right of private way over the defendant's land by express grant of easement (*Holder* v. *Jordan Realty Co.*, 170 *Ga.* 764 (2), 154 S. E. 353; *Carr* v. *Augusta Grocery Co.*, 183 *Ga.* 346, 188 S. E. 531); and by prescription resulting from seven years' use of the way in question over improved lands (*Johnson* v. *Sams*, 136 *Ga.* 448 (2), 71 S. E. 891; *Rogers* v. *Wilson*, 171 *Ga.* 802, 803, 156 S. E. 817). And there is clearly no merit in the contention that the allegations of the amended petition do not describe the way involved with the required degree of certainty. See *Kirkland* v. *Pitman*, 122 *Ga.* 256 (50 S. E. 117), and *Brennan* v. *Brooks*, 131 *Ga.* 94 (1) (61 S. E. 1035). But, if it could be said in this case, as contended, that the allegations of the amended petition are insufficient to show the existence of a private way either by express grant or by prescription, nevertheless, such allegations would still be sufficient to show that the plaintiffs have a right of private way over the defendant's land by implication of law, which, in the circumstances of the case, the defendant has no right to obstruct. *Brewer* v. *Bowman*, 9 *Ga.* 37, 39; *Gaines* v. *Lunsford*, 120 *Ga.* 370 (47 S. E. 967, 102 Am. St. R. 109); *Muscogee Mfg. Co.* v. *Eagle &c. Mills*, 126 *Ga.* 210 (8) (54 S. E. 1028, 7 L.R.A. (N.S.) 1139); *Calhoun* v. *Ozburn*, 186 *Ga.* 569 (198 S. E. 706). Respecting the right of private way by implication of law, this court in *Calhoun* v. *Ozburn*, supra, said: "At common law, where a grantor conveyed land without providing means of egress and ingress, and the situation of the land was such as made it otherwise in-

accessible, there was an implication that he had unintentionally omitted to convey a means of access. This necessary implication entitled the land-locked grantee to a way out to whatever public or private road furnished access to the premises, in the laying out of which way due regard would be taken to the interest and convenience of the grantor. This rule is based upon the principle that when one grants a thing, he is deemed also to grant that within his ownership without which the grant itself will be of no effect. The rule as applied to private ways remains applicable in this State, and is embodied in the Code, § 85-1401, which provides, as one of the four methods of acquiring a 'right of private way over another's land' that it 'may arise . . . by implication of law when such right is necessary to the enjoyment of lands granted by the same owner.' . . Such a way, necessary for the use and enjoyment of granted land enclosed by other land of the grantor, is an implied easement, which runs with the granted land, and passes not only to the immediate but subsequent grantees." In the instant case, the amended petition shows that the defendant and his predecessor in title acquired ownership of the land upon which the private way in question is located with notice of the plaintiffs' existing easement and with knowledge of the fact that the plaintiffs were then using it as an only means of ingress and egress to and from their land-locked property to which they held title from a common grantor.

(b) The allegations of the petition, as amended, being sufficient to show not only the existence of a nuisance but a continuing one, the case falls within the principle announced by this court in *Dodson* v. *Evans,* 151 *Ga.* 435 (107 S. E. 59); *Barham* v. *Grant,* 185 *Ga.* 601 (196 S. E. 43); *Hall* v. *Browning,* 195 *Ga.* 423 (24 S. E. 2d, 392); *Thompson* v. *Hutchins,* 207 *Ga.* 226 (60 S. E. 2d, 455). In *Barham* v. *Grant,* supra, this court said: "A landowner may . . maintain a suit in equity to enjoin further interference with his means of egress to and ingress from a public highway when such interference amounts to a continuing nuisance or trespass and where an injunction would prevent a multiplicity of suits." And what we here hold is not in conflict with our ruling in *Haney* v. *Sheppard,* 207 *Ga.* 158 (60 S. E. 2d, 453), as the facts of the two cases are materially different. In the instant case, the allegations of the petition show, not only an obstruction of the passageway involved, but also an intention on the part of the defendant to take it over and appropriate it to his own exclusive use and benefit.

2. The special demurrers, as renewed, to paragraphs 4, 5, and 6 of the original petition, after being amended, have been carefully examined and found to be without merit; and consequently it was not erroneous, as contended, to overrule them.

3. For want of power to do so under our system of procedure and practice, it was error for the court to dismiss the plaintiffs' amended petition at an interlocutory hearing for temporary injunction, on the ground that the evidence was insufficient to authorize the grant of such preliminary relief; and this is so because the allegations of the petition, as amended, if true, made a case entitling them to injunction; and whether an interlocutory injunction should or should not have been granted by the trial judge under the facts then presented, the plaintiffs still had a right to have a hearing before a jury with a view of determining

whether or not a permanent injunction should be granted. Code, §§ 37-1101, 37-1104; *Lyon* v. *Lyon,* 103 *Ga.* 747, 752 (30 S. E. 575). Compare *Hickson* v. *Bryan,* 75 *Ga.* 392 (2-b); *James* v. *Park,* 145 *Ga.* 356, 360 (89 S. E. 416); *Murrell* v. *North London Fine Art Co.,* 173 *Ga.* 224, 228 (160 S. E. 343).

It follows from what has been said that the petition, as amended, stated a cause of action for the relief sought; and that the court erred in dismissing it on motion at an interlocutory hearing for temporary injunction.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill of exceptions. All the Justices concur.*

Nos. 17420, 17425. SUBMITTED MARCH 12, 1951—DECIDED APRIL 9, 1951.

*Robert L. Scoggin* and *Maddox & Maddox,* for plaintiffs.
*Matthews, Owens & Maddox,* for defendant.