19189.  BURK *et al. v.* TYRRELL *et al.*
19203.  TYRRELL *et al. v.* SWANSON *et al.*

SUBMITTED JANUARY 10, 1956—DECIDED FEBRUARY 14, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*McClure & McClure, Wade H. Leonard*, for plaintiff in error.
*Frank M. Gleason*, contra.

ALMAND, Justice.  T. A. Swanson, Ruben C. Burk, and Laura Burk brought an equitable petition against Fred G. and Bernice Marie Tyrrell, seeking to enjoin them from interfering with the petitioners' use of a private way over the lands of the defendants, which was the sole way of ingress and egress by the plaintiffs from their land to a named public road.  They asserted a right to use the private way by reason of prescriptive use, and because they had purchased their tract from T. A. Swanson, predecessor in title to the defendants' tract, who had executed a deed to them in 1950 to a tract they had been in possession of since 1946; and since the right-of-way over the land of the defendants was the only means by which they had access to the public road, an easement arose by implication of law.  The general demurrers to the petition were overruled and certain special demurrers sustained, and on the defendants' motion, the plaintiff Swanson was dismissed as a party.  After the remaining plaintiffs had filed an amendment to their petition, the defendants' demurrers to the amended petition were overruled.  To the defendants' answer, seeking affirmative relief against T. A. Swanson, the court sustained the demurrers of the plaintiffs.  When the case came on for trial the plaintiffs filed an amendment, striking from the petition all allegations that they were entitled to a private way by reason of an easement arising by implication of law, and, designating the original petition thus amended as count 1, they added count 2, in which they asserted only a right to use the way because of an easement arising by implication of law, and thus left count 1 as alleging a right to use the way by reason of prescriptive use.  The defendants renewed their general demurrers, and demurred to count 2.  The court sustained the demurrers to count 2 and struck the same, but refused to sustain the general demurrers to count 1, and thereafter directed a verdict in favor of the defendants.  The plaintiffs' motion for a new trial as amended, which assigned error on the direction of the verdict, was denied.  The plaintiffs by main bill of exceptions assign error on the order denying a new trial, as well as on the antecedent rulings adverse to them.

The defendants by cross-bill of exceptions assign error on the ruling on the pleadings which were adverse to them.

■ The defendants have filed a motion to dismiss the bill of exceptions, because (a) the assignments of error are too vague, incomplete, indefinite, and uncertain to be considered as valid or proper assignments; (b) no assignment of error is made on the direction of the verdict; and (c) the amended motion for a new trial is not in the record.

There is no merit in any of these grounds. Error is assigned specifically and generally on the several rulings complained of, and the amended motion for a new trial, which is in the transcript of the record, contains an assignment of error on the direction of the verdict, and error is assigned on the order denying a new trial.

■ The defendants in their cross-bill of exceptions assign error on the ruling on their demurrers to the original petition and to the petition as amended prior to the filing of the third amendment, which added a second count. They also assert that the court erred in sustaining the plaintiffs' demurrers to a portion of their answer which sought affirmative legal and equitable relief against T. A. Swanson.

A consideration of these demurrers and the rulings thereon does not disclose that the rulings were erroneous. Even if the court erred in failing to sustain the special demurrers to the petition as amended on the ground of misjoinder of causes of action, such ruling was rendered harmless when the plaintiffs filed their amendment which set up a new count, and in which they struck all allegations in the first count as to their claim of an easement by implication of law, and left in count 1 their claim to a prescriptive right to use the private way. After the court had struck from the petition T. A. Swanson as a party, on motion of the defendants, they cannot complain of the striking from their answer of their prayers for affirmative relief against Swanson.

■ We come now to a consideration of the main bill of exceptions, which assigns error on the order striking count 2 of the petition. This count in substance alleged: In 1946 T. A. Swanson owned a tract of land consisting of 54 acres in Catoosa County, which fronted on the Alabama road, at which time the plaintiffs went into possession of the tract under an oral agreement of pur-

chase. At this time, there was a way, not over 15 feet in width, which ran from a portion of the tract that the plaintiffs agreed to buy, across the property of Swanson to said road, and which was the only means of ingress and egress from their land to a public road. This private way had been used and worked and maintained by Swanson since his purchase in 1923, and by the plaintiffs since 1946, as a passageway from their tract to the public road. In 1950 Swanson executed a deed conveying his tract to the plaintiffs, and in 1952 Swanson conveyed to William L. Alred and his wife the parcel of land lying between the plaintiffs' tract and the Alabama road over which the right-of-way ran from the plaintiffs' tract to the road. In 1954 the Alreds conveyed this tract to the defendants. No mention was made in either deed as to any easement or right of the plaintiffs to use this private way. The defendants were now attempting to obstruct this way and prevent the plaintiffs from using the same. At the time the plaintiffs purchased their tract from Swanson, such tract did not touch any public road, and they were entirely land-locked by the tract retained by the vendor Swanson, and it was their only means of ingress and egress from their property; and when Swanson executed a deed to them in 1950, though no mention was made in such deed as to their right to use the private way over his land, an easement by implication was conveyed to them, and was appurtenant to the land in question. The plaintiffs were using this private way over the Swanson tract at the time he conveyed it to the Alreds, and also when the Alreds conveyed it to the defendants, and such parties had knowledge of the use of such private way.

The right of a private way over another's land may arise by implication of law where such right is necessary to the enjoyment of lands granted by the same owner. Code § 85-1401. Where A owns a tract of land and conveys by deed to B a portion of the land, and the only means of ingress and egress that B has to the public road is a private way then in existence over the land of A, though no mention is made in the deed as to the right of B to use the way, an implication arises that A had inadvertently omitted to convey a means of access, and entitles the land-locked grantee to use the private way across the land of the vendor. Such way is necessary for the use and enjoyment of the

granted land enclosed by other land of the grantor, and is an implied easement which runs with the granted land. Though a bona fide purchaser from the grantor without knowledge or constructive notice of the existence of the easement would take title free from the easement, and he may assume that there is no easement except as shown of record or by open and visible indications on the land itself, such purchaser will be charged with notice of the easement where an inspection of the premises would have readily revealed such physical facts as would, in the exercise of ordinary diligence, put him upon inquiry. *Calhoun* v. *Ozburn,* 186 *Ga.* 569, 571 (2) (198 S. E. 706); *Jones* v. *Mauldin,* 208 *Ga.* 14 (1 a) (64 S. E. 2d 452). Where the grantor of such easement, or his grantee with notice of a private way, attempts to close the same, the owner of the dominant tenement may seek equitable relief by way of injunction to restrain the owner of the servient tenement from interfering with his use of the way. *Barham* v. *Grant,* 185 *Ga.* 601, 606 (8) (196 S. E. 43).

The allegations in count 1 which were incorporated by reference (Ga. L. 1953, Nov.-Dec. Sess., p. 444; Code, Ann. 1954 Supp., § 81-103), along with other allegations in count 2, were sufficient under the principles of law set out above to allege a cause of action, and the court erred in sustaining the general demurrers and striking this count.

■ We pass now to the defendants' general assignments of error in their cross-bill, in which they assert that the court erred in not sustaining their general demurrers to count 1 of the petition. When the plaintiffs amended their petition by adding count 2, they struck from count 1 all allegations as to an implied easement, and left count 1 as asserting a right to use the private way by reason of 7 years' uninterrupted use.

Though one may obtain a private way over another's land by 7 years' constant and uninterrupted use (Code §§ 83-112, 85-1401), the allegations in count 1 are insufficient to show that the plaintiffs' adverse use was for a period of 7 years prior to the filing of their petition. The petitioners, under their allegations, went into possession of their tract in 1946 under an oral agreement to purchase the land from Swanson, predecessor in title of the defendants, and did not receive a deed to the property until the purchase price was paid in 1950. During this period their

possession was permissive, and they could not prescribe against the vendor until the purchase money was paid in full. Code § 85-402; *Brown* v. *Huey*, 103 *Ga.* 448 (1) (30 S. E. 429); *Carlton* v. *Seaboard Air-Line Ry.*, 143 *Ga.* 516 (85 S. E. 863, Ann. Cas. 1917A 497); *Hardin* v. *Pie*, 179 *Ga.* 446 (1) (176 S. E. 14); 1 Thompson on Real Property (perm. ed.) § 421. The plaintiffs' prescriptive right began to run from January 2, 1950, when Swanson executed a deed to them. *Ford* v. *Holmes*, 61 *Ga.* 419 (3). Nor can the plaintiffs tack to their prescriptive period the time when Swanson, between 1923 and 1950, owned both tracts and used this private way over both tracts. Where two parcels of land are owned and occupied by the same person, there cannot be such use of one of them as to create an easement by prescription over the other tract. Unity of possession of both the dominant and servient tenements is inconsistent with adverse use, and such use could not begin until after a severance of the two estates. *Grizzard* v. *Broom*, 136 *Ga.* 297 (71 S. E. 430); Mansur *v.* Blake, 62 Maine 38; Murphy *v.* Welch, 128 Mass. 489; Morgan *v.* Meuth, 60 Mich. 238 (27 N. W. 509).

Count 1 of the petition affirmatively showing that the plaintiffs' adverse use of the private way was for a period of less than 7 years, their claim of the right to use the way by prescription was insufficient as a matter of law to show a right to use the way over the defendants' property, and the trial court erred in not sustaining the general demurrer to this count.

■ The court having erred in dismissing count 2 and in not dismissing count 1, it follows that all further proceedings were nugatory.

*Judgment reversed on both the main and cross-bills of exceptions. All the Justices concur.*