20821. NICHOLSON *v.* WOODARD *et al.*, Trustees.

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960— REHEARING DENIED APRIL 27, 1960.

*E. L. Stephens, Jr., B. B. Hayes, A. Russell Ross, Edwin W. Ross*, for plaintiff in error.

*C. C. Crockett, Nelson & Nelson, Carl K. Nelson*, contra.

CANDLER, Justice. On April 4, 1893, David E. Green, Sr., conveyed to named persons, as members of the board of deacons of Mount Carmel Baptist Church and their successors in office, a described tract of land in Laurens County containing 4 acres, more or less. The habendum clause of the deed reads: "To have and to hold the said above described property for Church and Cemetery or Grave Yard purposes to the said party of the second part and their successors in office so long as said property may be so used for said Church and Cemetery or Grave Yard purposes and in the event said property be no longer used for said purposes or either of said purposes, then and in that event said property and the title thereto is to revert to the said party of the first (1st) part his heirs, executors, administrators and assigns."

On November 20, 1945, the plaintiffs, as the successor members of the board of deacons of said church, brought common-law or fictitious ejectment against Mrs. Alma T. Nicholson to recover possession of 2 acres, more or less, of the land previously con-

veyed to their predecessors by the grantor, Green, the part thus sought to be recovered being that portion of the tract originally conveyed to the church which lies south and west of the Rentz-Dexter road.

The defendant filed a plea of not guilty and for her right to hold possession of the land sued for relied on a warranty deed to her, dated May 18, 1956, from the sole surviving children of D. E. Green, deceased, which deed was recorded in Laurens County on August 31, 1956.

The case resulted in a verdict for the plaintiffs, and the exception is to a judgment denying the defendant's amended motion for a new trial.

It is conceded in the brief filed in this court for the plaintiff in error that "there is no dispute that plaintiffs' and defendant's deeds call for the same two-acre parcel of land here in controversy cut out of a four-acre tract, [and that] the sole issue for determination by the jury was whether or not there had been a reversion of said 2-acre parcel of land—not the entire 4-acre tract—to the grantor, his heirs and privies, under the reversionary clause in plaintiffs' deed, by virtue of an abandonment thereof by plaintiffs."

Concerning the church's use of the 4-acre tract which its grantor conveyed to it, including as a part thereof the 2 acres here involved, the evidence shows without any dispute that it was used by the church from 1893 until 1917 for both church and cemetery purposes, and continuously since 1917 for a cemetery only; and since a cemetery is one of the uses for which the entire 4-acre tract was conveyed to the church and one which would under the use provision of the deed prevent a reversion of it to the grantor or his heirs at law, we hold that a verdict for the plaintiffs was demanded by the evidence. This being true, it is not necessary to consider the attack made on the court's charge. See *Key* v. *Stringer*, 204 *Ga.* 869 (52 S. E. 2d 305). Hence the amended motion for new trial was properly denied.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

While it is conceded in the brief of the plaintiff in error that the deeds involved call for the same two-acre parcel of land here

in controversy, out of a four-acre tract, and that the sole issue for determination is whether there had been a reversion of the said two-acre tract, nevertheless we hold that the deed of 1893 to the trustees of the church sufficiently described the land sued for.