40268. DODSON v. CULP.

Decided October 2, 1963.

*D. D. Veal, Martin, Snow, Grant & Napier*, for plaintiff in error.

*Peter J. Rice*, contra.

EBERHARDT, Judge. ■ The defendant's argument with reference to the admissibility of the deeds set out above seems to concentrate on the second deed to the plaintiff Culp describing the property in part as "the Western half of what is known as the Stewart Place." The burden of this contention is that this phrase means the land must be triangular in shape because the description in the deed from William Williams to Louise Taylor shows the lines of the Stewart Place to run at a forty-five degree angle to due north i.e., describes the west half of a square where the dividing line connecting the north and south corners points due north.

In answer to this technical point, we feel it appropriate to

quote from *Bridwell v. Gate City Terminal Co.*, 127 Ga. 520, 535 (56 SE 624, 10 LRA (NS) 909) as follows: " 'Easterly' is a somewhat indefinite term. In deeds and like instruments the expression, when unqualified, and where there was nothing else to show or vary the direction, has sometimes been construed to mean due east. But if the two termini of the line are fixed, or there are other words which qualify the meaning of the term easterly, the direction will not be held to be one directly east." Certainly, the remainder of the deed in question *qualifies* the term "Western," in that the property is clearly shown to have four sides. See also *Harrison v. Durham*, 210 Ga. 187 (5) (78 SE2d 482) and citations. The same rationale may be applied to the references to the adjoining landowners as being on the "North", "East", etc.

The deeds were admissible under the rule announced in *Deaton v. Swanson*, 196 Ga. 833 (1a) (28 SE2d 126) that: "Where a deed . . . describes the property as being in a named county of this State and bounded on the north, east, south and west by certain named owners, stating the number of acres" the deed is admissible over an objection that the description was inadequate or defective. This ruling controls special grounds numbers 1, 2 and 5 of the motion for new trial.

■ When deeds are admitted under the above rule, the land conveyed must be identified by extrinsic evidence in order for a plaintiff to prove either title or possession under color of title, the tests being the same. Although the defendant claims under essentially the same description and traces his claim to a common source, William Williams, the essence of the point raised by his motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial is that the plaintiff did not carry the burden of proof by extrinsic evidence. Defendant does not contend he did not cut timber on the property claimed by plaintiff but only that plaintiff did not prove the boundaries of the tract described in his deeds, and hence did not prove his title. Although a trespass action such as this may rest upon either the plaintiff's title or his possession, plaintiff here rested it upon his claim of title. From the evidence it appears that no one was in possession when defendant entered to cut

the timber and that, although plaintiff had previously been in possession when he farmed a portion of the tract, that farming had not extended beyond three years.

We hold that plaintiff did prove the boundaries by sufficient evidence under one or more of the following facts in evidence (a) the words "the Western half of what is known as the Stewart place" (see first deed) coupled with testimony that plaintiff's land was not a triangle but had four sides, (b) the same words coupled with testimony that the government (the "U.S.A.") owned the eastern half of the "Stewart Place" and that their line was marked; (c) testimony as to all the adjoining owners except "Thornburg," which is the government line proved as above set out.

The frankly confusing testimony before us must have been much clearer to the jury because of the use of a plat or map, which is referred to several times in the brief of evidence, and on which the witnesses indicated where the land in question lies in relation to other property. This plat or map is not in the record in any form and was apparently not introduced into evidence. It is difficult for this court to interpret without the plat or map such testimony as, "Q. Do you know whether or not that plat there, in the black lines, does that look like [the Eli Pound place] to you? A. That kind of looks like it, I'm not sure. Q. Now, can you tell me where the land you claim touches the Eli Pound place? A. It touches on the point if this is north, I believe it touches on one of these points." There are numerous references to this plat which was apparently prepared by the defendant.

Furthermore, *Code* § 105-1404 provides for recovery in trespass on bare title where no one is in actual possession. "In an action of trespass . . . for damages arising from the cutting of timber, where the plaintiff makes it affirmatively appear by his pleadings and proof that the defendant claims title from no other source than from the grantor of the plaintiff, and that from such common grantor the plaintiff holds the better title of the two, and he further makes proof of the cutting of timber without his authority, and the value thereof, . . ." the plaintiff has made out a prima facie case and the burden of proof shifts to the defendant. *Garbutt Lumber Co. v. Wall*, 126 Ga. 172 (1) (54

SE 944); *Leverett v. Tift,* 6 Ga. App. 90 (3) (64 SE 317); *Mentone Hotel &c. Co. v. Taylor,* 161 Ga. 237 (2) (130 SE 527); *Lancaster v. Daniel,* 178 Ga. 264 (1) (172 SE 916). See, *Deen v. Williams,* 128 Ga. 265 (1) (57 SE 427); *Florida Yellow Pine Co. v. Flint River &c. Co.,* 140 Ga. 321 (1) (78 SE 900); *Bright v. Werden,* 171 Ga. 660 (1) (156 SE 590) and citations; *Hardin v. Pie,* 179 Ga. 446, 447 (176 SE 14) and citations; *Foster v. Adcock,* 207 Ga. 201 (2) (60 SE2d 334). Plaintiff's title is derived from deeds which were both executed and recorded prior to those of the defendant. When it was made to appear that plaintiff and defendant claimed from the same source of title, William Williams, and that plaintiff's title was superior, the burden shifted to the defendant to defeat the prima facie case by showing paramount title in a third party, albeit this may appear from the defendant's deed which he introduced. *Hardin v. Pie,* 179 Ga. 446, 448 (2), supra. The defendant here did nothing toward carrying the shifted burden. Therefore, as to title, the evidence demanded a finding for the plaintiff.

■ Since the evidence demanded a finding for the plaintiff as to title, the charges relating to adverse possession complained of in the remaining special grounds were harmless if erroneous. *Nicholson v. Woodard,* 215 Ga. 885 (114 SE2d 10).

The verdict is otherwise supported by the evidence.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*