## 57013. JUSTICE v. DUNBAR.

SMITH, Judge.

On this appeal, transferred here by the Supreme Court, Justice contends the trial court erred in granting appellee Dunbar's motion for summary judgment. Finding the appeal to be without merit, we affirm the judgment of the trial court.

Appellant and appellee own adjoining tracts of land. Appellant brought this suit under Code § 85-1401, seeking to establish a right of private way over a road located on appellee's property and to enjoin appellee's obstruction of the road.

1. It was not disputed that appellant's use of the private road originated by permission of Mrs. Banks, who initially owned the land upon which the private road is located and who sold the land on May 16, 1972. Appellant does not contend his use of the road throughout the time

Banks owned the property was anything except a permissive use. Appellee bought the land on January 21, 1974, and appellant filed this suit on December 1, 1976. From the undisputed evidence, therefore, appellant could not have acquired a private way "from prescription by seven years' uninterrupted use." Code § 85-1401. "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber." *First Christian Church at Macon, Georgia v. Realty Invest. Co.,* 180 Ga. 35 (2) (178 SE2d 303) (1934). See also *Nasser v. Salter,* 213 Ga. 253 (1) (98 SE2d 557) (1957). Thus the trial court was correct to grant summary judgment against appellant on his claim that he had acquired a right of private way by prescription under Code § 85-1401.

2. Appellant next contends the evidence showed his right to use the road had arisen by implication of law, the right being "necessary to the enjoyment of lands granted by the same owner." Code § 85-1401; *Calhoun v. Ozburn,* 186 Ga. 569 (2) (198 SE2d 706) (1938). However, appellant cites no specific portion of the record or transcript supporting the contention, which therefore presents no reason for reversal. *Rambo v. Fulton Financial Corp.,* 145 Ga. App. 791 (245 SE2d 12) (1978).

3. The appeal fails to substantiate appellant's claim of error, and we affirm the trial court's grant of summary judgment.

*Judgment affirmed. Quillian, P. J., Webb, P. J., Shulman, Banke and Birdsong, JJ., concur. Deen, C. J., McMurray and Underwood, JJ., dissent.*

ARGUED NOVEMBER 14, 1978 — DECIDED FEBRUARY 26, 1979 —
REHEARING DENIED MARCH 28, 1979 —

*Glyndon C. Pruitt,* for appellant.
*John C. Tyler,* for appellee.

DEEN, Chief Judge, dissenting.

The motion for rehearing convinces me that we are in error as to our original position affirming the trial court. I must respectfully dissent as to Division 2 of the majority opinion.

"Where A owns a tract of land and conveys by deed to B a portion of the land, and the only means of ingress and egress that B has to the public road is a private way then in existence over the land of A, though no mention is made in the deed as to the right of B to use the way, an implication arises that A had inadvertently omitted to convey a means of access, and entitles the landlocked grantee to use the private way across the land of the vendor. Such way is necessary for the use and enjoyment of the granted land enclosed by other land of the grantor, and is an implied easement which runs with the granted land. Though a bona fide purchaser from the grantor without knowledge or constructive notice of the existence of the easement would take title free from the easement, and he may assume that there is no easement except as shown of record or by open and visible indications on the land itself, such purchaser will be charged with notice of the easement where an inspection of the premises would have readily revealed such physical facts as would, in the exercise of ordinary diligence, put him upon inquiry. *Calhoun v. Ozburn,* 186 Ga. 569, 571 (2) (198 SE2d 706); *Jones v. Mauldin,* 208 Ga. 14 (1 a) (64 SE2d 452). Where the grantor of such easement, or his grantee with notice of a private way, attempts to close the same, the owner of the dominant tenement may seek equitable relief by way of injunction to restrain the owner of the servient tenement from interfering with his use of the way. *Barham v. Grant,* 185 Ga. 601, 606 (8) (196 SE 43)." *Burk v. Tyrrell,* 212 Ga. 239, 242 (91 SE2d 744) (1956).

Thus an implied easement in a private way as to a landlocked grantee over the land, for the purpose of egress and ingress, may be obtained. The trial court erred in granting summary judgment.

I am authorized to state that Judge McMurray and Judge Underwood join in this dissent.