## 35002. JUSTICE v. DUNBAR.

BOWLES, Justice.

This case is here by grant of writ of certiorari from the Court of Appeals' opinion of *Justice v. Dunbar,* 149 Ga. App. 485 (254 SE2d 713) (1979). Justice and Dunbar were adjoining land owners. Justice sued Dunbar seeking to establish a private right-of-way over a road on Dunbar's property and to enjoin Dunbar's obstruction of the road. The trial court granted summary judgment in favor of Dunbar and the Court of Appeals affirmed. We reverse.

The Court of Appeals, in its opinion, refused to consider a contention[1] raised by Justice on the ground that he had failed to cite any specific portion of the record or transcript supporting that contention. We hold that summarily refusing to consider an issue on such grounds is contrary to basic fairness as well as contrary to the Appellate Practice Act of 1965, in particular to Code Ann. § 6-905 which states:

"It is the intention of this law to provide a new procedure for taking cases to the Supreme Court and Court of Appeals, as authorized in the Constitution of 1945, Article VI, Section II, Paragraph IV (Georgia Code Annotated, section 2-3704), and, to that end, *this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid* dismissal of any case or *refusal to consider any points raised therein, except as may be specifically referred to herein."* (Emphasis supplied.)

The Supreme Court has a policy similar to the policy

---

[1] A contention which three dissenting judges found to have merit.

in the Court of Appeals which provides that page references to the record and transcript are essential to a properly presented appeal. See Rules of the Supreme Court of Georgia, Section X, Miscellaneous. We believe that this rule is a rule of necessity particularly in these days of ever-increasing case loads in the courts. However, we conclude that the proper solution to the problem of failure to make specific citations to the record or transcript is to require the counsel of record for the offending party to correct his brief accordingly. Should the attorney then fail to do so, it would be proper for the court not to consider the contention if support by the record is necessary to the consideration.

In the case at bar, Justice stated in his brief that his affidavit[2] showed that he had obtained his property from the grantor and, at the time, his only means of ingress and egress to his property was the private way over the remaining land of the grantor. In his statement of facts, Justice started to cite to the portion of the record in which his affidavit was found but simply left the space for the page number blank. Justice's affidavit and his deposition raised the issue of right-of-way by implication of law to a landlocked grantee. See *Burk v. Tyrrell,* 212 Ga. 239 (91 SE2d 744) (1956). Dunbar not having negatived this evidence, the court erred in granting summary judgment in his favor.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only, and Nichols, C. J., Undercofler, P.J., and Jordan, J., who dissent.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 2, 1979.

*Glyndon C. Pruitt,* for appellant.
*John C. Tyler,* for appellee.

---

[2]The only affidavit of appellant is indexed in the official record by page number.