57013. JUSTICE v. DUNBAR.

SMITH, Judge.
On certiorari to the Supreme Court, this case was reversed. Therefore *Justice v. Dunbar,* 149 Ga. App. 485 (254 SE2d 713) (1979), is vacated and the decision of the

Supreme Court in *Justice v. Dunbar,* 244 Ga. 415, is adopted as the decision of this court.

It should be made clear, however, that this court is not bound by a statement of the Supreme Court as to what rules this court should adopt or how such rules should be enforced, provided such rules comply with the Constitution of this state.

We wish to emphasize that the rules of this court, specifically Rule 15 (c) (3) and its predecessors have always required: "Each enumerated error shall be supported in the brief by specific reference to the record or transcript or both." Code Ann. § 24-3615[c] [3] [i]. And, this court's decisions interpreting violations of this Code section — and its predecessors, have always concluded that the enumerated error is abandoned without a reference to the record or transcript to locate the alleged basis for such error. See *Crider v. State,* 115 Ga. App. 347 (154 SE2d 743); *Strickland v. English,* 115 Ga. App. 384, 386 (154 SE2d 710); *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (1) (160 SE2d 228); *Allen v. Carter,* 119 Ga. App. 825 (168 SE2d 901). It should also be noted that the Supreme Court has a similar rule.

Further, the rule-making power of this court is the same as that of the Supreme Court. Art. VI, Sec. II, Par. VIII; Code Ann. § 2-3108. And, the Supreme Court has held that its rule-making power cannot be contravened by legislative statutes because it "has the authority under the Constitution to determine cases under such regulations as are prescribed by the court." *Fuller v. State of Ga.,* 232 Ga. 581 (208 SE2d 85).

Strong policy considerations militate against this court adopting the view espoused by the Supreme Court. Due to the volume of cases before the Court of Appeals, an administrative nightmare would result if the judges on this court were required to conduct a "fishing expedition" for support in the record when such support is omitted by counsel. It would be equally untenable to require this court to continually call upon counsel to supplement their briefs with specific citations to the record. Counsel must be required to present their case to this court within established time limits.

We will expect the bar of this court to continue to

abide by the rules of this court, including the rule which requires that each enumeration of error be supported in the brief by specific references to the record or transcript or both.

*Judgment reversed. Deen, C. J., Quillian, P. J., McMurray, P. J., Shulman, Banke, Birdsong, Underwood and Carley, JJ., concur.*

ARGUED NOVEMBER 14, 1979 — DECIDED DECEMBER 20, 1979.

*Glyndon C. Pruitt,* for appellant.
*John C. Tyler,* for appellee.